UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LYDIA McCOY                                              CIVIL ACTION

VERSUS                                                   NO. 19-723-JWD-SDJ

SC TIGER MANOR, LLC, ET AL.

## ORDER

Before the Court are the following two (2) motions filed by *pro se* Plaintiff Lydia McCoy: (1) Motion to Compel Equifax's Discovery Responses (R. Doc. 85) and (2) Motion to Strike Declarations of Maura Bragg, Docs. 109-1, 111-1, and 125-1 (R. Doc. 134). Defendant Equifax Information Services LLC ("Equifax") opposes both motions (R. Docs. 109 and 137). The Court recognizes that additional discovery motions, including motions to compel, have been filed in this case and remain pending before this Court. The Court will address them in separate orders.

**I.    Plaintiff's Motion to Compel Equifax's Discovery Responses (R. Doc. 85)**

On November 10, 2020, Plaintiff filed a Motion to Compel against Defendant Equifax, seeking responses to "Set Three" of her discovery requests, which were submitted to Equifax on July 30, 2020.[1] According to Plaintiff, Equifax has never provided responses to these discovery requests, which consist of three requests for production and one interrogatory (Requests for Production 6-8 and Interrogatory 1).[2]

In its Opposition to Plaintiff's Motion to Compel, Equifax states that it responded to Plaintiff's fourth set of discovery requests on November 20, 2020, and that, following a meet and confer with Plaintiff on November 24, 2020, "Equifax sent Plaintiff policies and procedure

---

[1] R. Doc. 85 at 1.
[2] R. Doc. 85-1 at 1.

manuals per her request."³  Equifax further states that it has produced over two hundred documents to Plaintiff and argues that "Plaintiff…fails to identify in her Motion any information that she believes Equifax is improperly withholding or specific documents that the Court should compel Equifax to produce."⁴

However, despite Equifax's assertions, it does not appear to the Court that Equifax has ever provided any responses or objections to the requests at issue in this Motion to Compel, *i.e.,* "Set Three" of Plaintiff's discovery requests.  Equifax, therefore, is instructed to respond to the four (4) specific discovery requests set forth in Plaintiff's Motion to Compel **within 21 days** of this Order. If Equifax has already produced the material being requested, it should simply provide the document numbers for the responsive documents or otherwise direct Plaintiff to the proper responses, if previously submitted.  If, after receiving Equifax's responses, there are any disputes as to the sufficiency of the responses provided, Plaintiff and Equifax are **ordered** to confer pursuant to Rule 37 **in good faith**.  Any subsequent motion to compel that may be filed based on these discovery requests must set forth in the appropriate certification: (1) who participated in the Rule 37 conference, (2) how it was conducted (*e.g.*, by phone), (3) how long the conference lasted (in minutes), (4) the topics or areas that were addressed, and (5) the topics that were resolved and/or remain outstanding.  Failure to confer in good faith may be grounds for dismissal of a discovery motion. *See Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) ("Because Robinson cannot show the parties attempted to confer in good faith to resolve the discovery request, the district court did not abuse its discretion in denying the motion."); *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 400 (S.D. Tex. 2012) (denying motion to compel for failure to satisfy Rule 37's requirement of a good faith attempt to confer).  Given this resolution, the Court cannot foresee a

---

³ R. Doc. 109 at 3.
⁴ *Id.* at 3-4.

situation where this Motion will need to be brought before the Court again and strongly encourages the Parties to refrain from further motion practice on this issue.

Finally, despite Plaintiff's accusations against Equifax, the Court finds no evidence of bad faith or spoliation of evidence on the part of Equifax at this point and therefore declines to impose sanctions or give "an adverse inference instruction to the jury in the future trial," as requested by Plaintiff.[5]

## II.    Plaintiff's Motion to Strike Declarations of Maura Bragg (R. Doc. 134)

Attached to Equifax's Opposition to Plaintiff's Motion to Compel is a Declaration by Maura Bragg ("Bragg"), national counsel for Equifax (R. Doc. 109-1). Bragg also has attached similar Declarations to two other oppositions filed by Equifax in response to motions still pending before this Court (R. Docs. 111-1 and 125-1). In her Motion to Strike, Plaintiff seeks an order from this Court striking all three of these Declarations of Bragg or, in the alternative, "disregarding" them because they "grossly misrepresent[] facts" and "violate Rule 3.7 of the American Bar Association's ("ABA") Model Rules of Professional Conduct and the Federal Rules."[6] However, in making this request, Plaintiff identifies no statute or rule or other procedural vehicle pursuant to which a Court can strike Bragg's Declarations. As such, Plaintiff offers no procedural basis for this Motion.

Further, even if such a procedural basis did exist, Plaintiff's Motion is baseless and without merit. ABA Model Rule 3.7 prohibits a lawyer from acting "as an advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3)

---

[5] R. Doc. 85 at 2; R. Doc. 85-1 at 3.
[6] R. Doc. 134 at 1.

disqualification of the lawyer would work substantial hardship on the client."[7] There is absolutely no indication that Bragg is "likely to be a necessary witness" at the trial in this case. Plaintiff's arguments stem only from Bragg's statement in her Declarations that she has personal knowledge of the information contained therein and "could testify to such if called to do so."[8] To the Court, Bragg is simply attesting to the material in the Declarations and in no way is in violation of Rule 3.7, or any other rule of which the Court is aware.

In support of her argument as to the impropriety of Bragg's Declarations, Plaintiff cites to *In re Meeker*, a case from the U.S. Bankruptcy Court for the Southern District of Alabama, a case which has no precedential effect on this Court. *In re Meeker*, No. 10-4927, 2011 WL 2650686 (Bankr. S.D. Ala. July 6, 2011), *report and recommendation adopted*, 2011 WL 7178926 (Bankr. S.D. Ala. July 6, 2011). In *Meeker*, counsel submitted an affidavit containing a "variety of statements," including "his opinion or belief regarding potential issues and evidence in this case." *Id.* at *3. The Court there found the affidavit contained inadmissible hearsay and granted the request to strike it. *Id.* The *Meeker* case is inapposite here, where Bragg's Declarations pertain only to a single meet and confer with Plaintiff, in which Bragg participated, and the documents produced by Bragg to Plaintiff as a result of that discussion. Nothing more. Bragg is simply attesting to her own actions in participating in discovery in this case, by declaration not affidavit, and as such, her Declarations are in no way inappropriate.

The remainder of Plaintiff's Motion to Strike is a litany of perceived "inaccurate and misleading statements" by Bragg, relating to both the Declarations as well as to other communications between Bragg and Plaintiff to which the Court is not privy. It is not uncommon

---

[7] ABA Model Rule of Professional Conduct 3.7(a). Louisiana Rule of Professional Conduct 3.7 contains identical language.
[8] R. Doc. 109-1 at 1; R. Doc. 111-1-at 1; R. Doc. 125-1 at 1.

or unexpected for counsel and parties on opposite sides of a case to interpret a set of facts in different ways. However, one of Plaintiff's arguments is that it is misleading for Bragg to state in her Declarations that "all information and documents Plaintiff requested has already been produced"[9] in light of the fact that that Equifax has not yet responded to "Set Three" of Plaintiff's discovery requests. Having not seen the documents produced by Equifax to date, the Court cannot now determine the veracity of this statement. And need not. By this Order, Plaintiff is being granted the relief sought on this issue—*i.e.*, Equifax is being instructed to respond to discovery requests "Set Three"—and either already has all responsive documents or will soon have them. Further, as none of the statements in Bragg's Declarations pertain to any issues or arguments by Defendants in this case, the Court cannot fathom how Plaintiff perceives she is harmed by these Declarations.[10] But the Court notes that any possible misstatement by Bragg does not warrant the disparagement Plaintiff heaps upon her in this Motion. Given the baselessness of this Motion, both procedurally and on the merits, the Court here denies Plaintiff's request.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Equifax's Discovery Responses (R. Doc. 85), is **GRANTED**. Equifax is **ordered** to provide responses to "Set Three" of Plaintiff's discovery requests **within 21 days** of the date of this Order.

---

[9] R. Doc. 134-1 at 4; R. Doc. 109-1 at 1; 111-1 at 1; 125-1 at 1.

[10] Bragg's Declarations state, in summary, that Bragg is national counsel for Equifax, working with local counsel, that she has personal knowledge of the information in the Declaration, that she participated in a meet and confer with Plaintiff on November 24, 2020, during which she explained to Plaintiff that all information and documents had already been produced, and that Equifax subsequently produced its dispute policies and procedures to Plaintiff on December 1, 2020, after Plaintiff first requested them during the meet and confer. R. Doc. 109-1.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Declarations of Maura Bragg, Docs. 109-1, 111-1, and 125-1 (R. Doc. 134) is **DENIED**.

Signed in Baton Rouge, Louisiana, on March 19, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**