UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LYDIA McCOY | CIVIL ACTION |
| VERSUS | NO. 19-723-JWD-SDJ |
| SC TIGER MANOR, LLC, ET AL. | |

# ORDER

Before the Court are the following three (3) discovery motions filed by *pro se* Plaintiff Lydia McCoy:

- Motion to Compel Tiger Manor's Discovery Responses (R. Doc. 78), seeking responses to "Set Five" of discovery requests submitted by Plaintiff July 30, 2020;

- Motion to Compel Tiger Manor's Discovery Responses (R. Doc. 119), seeking responses to a portion of "Set Six" of discovery requests submitted by Plaintiff on October 21, 2020; and

- Motion to Order U.S. Marshals to Serve Subpoenas (R. Doc. 89), seeking service of subpoenas on two non-parties.

Defendant SC Tiger Manor, LLC ("Tiger Manor"), has filed oppositions to the two motions to compel (R. Docs. 81 and 132). The Court recognizes that additional discovery motions, including motions to compel, have been filed in this case. The Court will address those in separate orders.

## I.     Background

Plaintiff filed her Complaint (R. Doc. 1) against Defendants, Tiger Manor; Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian"); and IQ Data Int., Inc. ("IQ Data"), on October 16, 2019. In her Complaint, which Plaintiff amended for the second time on April 22, 2020 (R. Doc. 49), Plaintiff alleges Defendants violated the

Consumer Credit Protection Act.[1]  Against Tiger Manor only, Plaintiff also brings claims for breach of contract, fraud, and intentional infliction of emotional distress.[2]  The dispute arises from Plaintiff's tenancy at Tiger Manor Apartments.[3]  While a tenant at Tiger Manor Apartments, Plaintiff claims a "wall-mounted air conditioning and heating unit" in her apartment "discharge[ed] gallons of water inside the apartment" and that attempts to repair it were unsuccessful.[4]  Per Plaintiff, due to the water intrusion, "the floors became damaged and mold grew under the laminate boards."[5]  Subsequently, Tiger Manor "added several hundred of some fees" to her monthly rent, which, Plaintiff alleges, was unauthorized.[6]  Plaintiff eventually moved out of Tiger Manor Apartments; the circumstances surrounding her departure are disputed.[7]

Subsequently, "about a month" after Plaintiff moved out of Tiger Manor Apartments, Defendant IQ Data sent Plaintiff "a demand to pay close to around $3400.00 that it claimed plaintiff owed to Tiger Manor," though "Tiger Manor never provided the plaintiff with the move-out statement."[8]  Plaintiff disputed the validity of the alleged debt, which debt IQ Data eventually reported "to the major credit bureaus," thereby negatively impacting Plaintiff's credit score and ability to obtain credit.[9]  Plaintiff, in turn, filed the instant lawsuit.

---

[1] R. Doc. 49 at 1. The Court notes that in her initial Complaint, Plaintiff alleged Defendants violated the Fair Credit Reporting Act and the Fair Debt Collections Practices Act. R. Doc. 1 at 1 ¶ 1. However, those claims are not included in Plaintiff's second Amended Complaint.
[2] R. Doc. 49 at 5-12 ¶¶ 20-48.
[3] *Id.* at 3 ¶ 8.
[4] *Id.*
[5] *Id.*
[6] *Id.* ¶ 9.
[7] *Compare* R. Doc. 49 at 3 ¶¶ 8-9 *with* R. Doc. 132 at 3.
[8] R. Doc. 49 at 3 ¶ 10.
[9] *Id.* at 4 ¶¶ 11-13.

## II.     Law and Analysis

### A. Legal Standard

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "For purposes of discovery, relevancy is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party." *Tingle v. Hebert*, No. 15-626, 2016 WL 7230499, at *2 (M.D. La. Dec. 14, 2016) (quoting *Fraiche v. Sonitrol of Baton Rouge*, 2010 WL 4809328, at *1 (M.D. La. Nov. 19, 2010)) (internal quotations omitted).

The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of

fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)).

Rule 33 of the Federal Rules of Civil Procedure provides for the service of written interrogatories. A party seeking discovery under Rule 33 may serve interrogatories on any other party, and the interrogatories "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible items. A party seeking discovery must serve a request for production on the party believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A).

A party must respond or object to interrogatories and requests for production. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

The party filing the motion to compel "bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Tingle*, 2016 WL 7230499, at *2 (quoting *Mirror Worlds Techs., LLC v. Apple Inc.*, No. 13-419, 2016 WL 4265758, at *1 (E.D. Tex. Mar. 17, 2016)). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party

resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted." *Id.* (quoting *Mirror Worlds*, 2016 WL 4265758, at *1). *See also Wymore v. Nail*, No. 14-3493, 2016 WL 1452437, at *1 (W.D. La. Apr. 13, 2016) ("Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections."). Further, "[a] trial court enjoys wide discretion in determining the scope and effect of discovery." *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982) (citation omitted).

### B. Plaintiff's Motion to Compel Tiger Manor's Discovery Responses to "Set Five" (R. Doc. 78)

Plaintiff's first Motion to Compel filed against Tiger Manor was filed on October 1, 2020, and seeks responses to "Set Five" of discovery requests submitted to Tiger Manor on July 30, 2020 (R. Doc. 78). In her Motion to Compel, Plaintiff seeks revised responses to five (5) interrogatories as well as documents produced in response to four (4) requests for production. The Parties' arguments, as well as the Court's resolution of Plaintiff's requests, are set forth below.

#### 1. Rule 37 Conference

Before reaching the merits of Plaintiff's Motion to Compel, the Court first examines whether the requirements of Federal Rule of Civil Procedure 37 have been met. In opposing Plaintiff's Motion to Compel, Tiger Manor argues, *inter alia*, that Plaintiff did not attempt in good faith to confer with Tiger Manor prior to filing her Motion, in violation of Rule 37(a).[10] According to Tiger Manor, although Plaintiff scheduled a "meet and confer" to discuss Tiger Manor's discovery responses, "no such discussion took place during that call, which Plaintiff crudely and

---

[10] R. Doc. 81 at 1, 2.

abruptly ended after exactly one minute and twenty-three seconds."[11]  Tiger Manor further claims that "Plaintiff did not attempt to engage in any meaningful discussion and was not interested in listening to any explanation from the undersigned," instead treating it "as a mere formality to filing yet another motion to compel."[12]  While Plaintiff does not discuss the length or substance of her conference with Tiger Manor, she does include a Rule 37(a) Certification in her Motion to Compel, which states, in part, that she "conferred with Tiger Manor regarding its discovery obstruction on September 9, 2020, and inquired whether it will consider responding to formal discovery as well as producing responsive documents."[13]

According to Rule 37(a)(1), if a party moves for an order compelling disclosure or discovery, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Given the sheer number of currently-pending discovery motions, all but one of which have been filed by Plaintiff, the Court can attest to Plaintiff's penchant for filing motions to compel.  Further, the Court agrees that a conference lasting less than one and a half minutes could not have been conducted in good faith and recognizes that Courts have denied motions to compel for failure to confer in good faith.  *See Albemarle Corp. v. Chemtura Corp.*, No., 2008 WL 11351537, at *2 ("While the circumstances vary greatly from case to case, there is no doubt that a court may deny a motion to compel discovery when the moving party fails to confer in good faith, or even attempts to do so.").

However, despite this deficiency, the Court, in an effort to move this case along and work toward completing discovery, which has stagnated in this case, will consider the merits of

---

[11] *Id.* at 2.
[12] *Id.*
[13] R. Doc. 78 at 2.

Plaintiff's Motion. This is not an unprecedented position for a court to take when a *pro se* plaintiff is involved and the discovery deadline has expired, and the Court here believes this will be most beneficial to all Parties at this time. *See Holmes v. Reddoch*, No. 19-12749, 2020 WL 5749157, at *3 (E.D. La. Sept. 25, 2020) ("the Court is of the opinion that the interests in pragmatism lean in favor of allowing the motion to be considered on the merits despite [*pro se*] Plaintiff's non-compliance with Rule 37's requirements where the second discovery period has now lapsed without extension."); *J.M. Smith Corp. v. Ciolino Pharmacy Wholesale Distributors, LLC*, No. 10-1483, 2012 WL 13001456, at *2 (E.D. La. Dec. 28, 2012) ("Courts in this jurisdiction have found that technical compliance with Rule 37, or the lack thereof, can be overridden when the circumstances warrant.").

### 2. Interrogatories

The interrogatories for which Plaintiff seeks revised responses are each discussed, in turn, below.

#### a. Interrogatory 1

Interrogatory No. 1 asks Tiger Manor to state whether Plaintiff was ever late with a rental payment to Tiger Manor between March 2015 and September 2018 and, if so, when.[14] Tiger Manor objects to this request, as with all of Plaintiff's requests at issue here, as exceeding the scope of discovery and seeking irrelevant information. The Court disagrees. Rule 26(b)(1) permits discovery of information that is "relevant to any party's claim or defense and proportional to the needs of the case." The Court finds that whether Plaintiff timely made her rental payments may be relevant to her claim related to a debt owed to her apartment complex after her departure. Further, as a response to this interrogatory requires Tiger Manor only to review Plaintiff's payment

---

[14] R. Doc. 78-1 at 2.

history, which most likely is stored electronically, production of this information is proportional to the needs of this case and will not overly burden Tiger Manor. This request is **granted**, and Tiger Manor must supplement its response to Interrogatory 1 **within twenty-one (21) days** of this Order.

### b. Interrogatories 2, 3, 5, and 6

Interrogatories 2, 3, 5, and 6[15] all ask for more information about specific items listed in Tiger Manor's "move out statement" for which it appears Plaintiff was charged. In addition to making general objections as to the scope and relevancy of these requests, Tiger Manor objects that these requests are "vague and ambiguous in that [they do] not reasonably identify or describe the document referenced therein, or otherwise provide sufficient information or context to permit an accurate response thereto."[16] Tiger Manor has a point. Although Plaintiff describes the "move out statement" referenced in each of these interrogatories as Tiger Manor's, she also specifically states in her second Amended Complaint that "Tiger Manor never provided the plaintiff with the move-out statement."[17] Similarly, in her Motion to Compel, Plaintiff alleges that "on July 6, 2020…IQ Data produced the 'move-out statement' which Tiger Manor allegedly provided to it."[18] Based on these allegations, Plaintiff's requests are based on a document that Tiger Manor did not provide to Plaintiff. The Court, in this particular instance, finds that Tiger Manor's responses to these interrogatories, which state that "the best evidence of the terms and provisions of any written document is contained in the document itself" are warranted here. This, however, does not fully resolve the dispute regarding these discovery requests, as discussed in more detail below.

---

[15] Interrogatory No. 4, if there was one in this set of discovery requests, is not at issue in this Motion to Compel.
[16] R. Doc. 78-1 at 3-4.
[17] R. Doc. 49 at 3 ¶ 10.
[18] R. Doc. 78-1 at 1.

3. **Requests for Production 6-9**

As Tiger Manor has "provided no documents,"[19] Plaintiff also seeks an order compelling Tiger Manor to provide documents in response to Requests for Production 6-9. The documents being sought in Requests for Production 6 and 7 are photographs of "carpet pet damage" requiring "carpet replacement" and receipts or other proof of payment for the "carpet replacement" due to the "carpet pet damage."[20] While Plaintiff places the words "carpet replacement" and "carpet pet damage" in quotations, she does not identify the document from which she is quoting. However, in Request for Production 8, Plaintiff requests receipts or other proof of payment for services claimed by Tiger Manor in its "move out statement," namely for "Cleaning charges/fees—All appliances, countertop, cabinets, kitchen floor, vacuum floors, 2 ceiling fans, tub, toilet, sink, countertops, cabinets, bath floor."[21] Similarly, Request for Production 9 seeks "photographic evidence" of why Tiger Manor spent $452.00 on the "Cleaning charges/fees" previously set forth, claimed by Tiger Manor in the "move out statement."[22] While unclear, the Court may surmise from the reference to the "move out statement" in Requests for Production 8 and 9 that the quoted references made in Requests for Production 6 and 7 also are made to the "move out statement."

As with the Interrogatories, Tiger Manor again objects to these requests as "vague and ambiguous" because they "[do] not reasonably identify or describe the document referenced therein, or otherwise provide sufficient information or context to permit identification of the document(s) sought in response thereto."[23] For each, Tiger Manor also states that it "is not aware of any documents in its possession, which may be responsive" to these requests.[24] And once again,

---

[19] R. Doc. 78 at 1.
[20] R. Doc. 78-1 at 5.
[21] *Id.* at 6.
[22] *Id.*
[23] *Id.*
[24] *Id.* at 5-7.

as discussed above, Tiger Manor has a valid argument in that Plaintiff appears to be referencing a document she specifically has stated Tiger Manor did not provide to her and which she obtained from IQ Data, who "allegedly"[25] received it from Tiger Manor. This is not sufficient, and Tiger Manor has provided reasonable responses in this context.

However, because this "move out statement" appears to set forth the basis of at least part, if not all, of the debt Plaintiff allegedly owes Tiger Manor, which is the basis of this entire lawsuit, and because, per Plaintiff, Tiger Manor created the "move out statement," and in an effort to move past the Parties' complete unwillingness to cooperate with each other or work together to resolve any issues, the Court will require Plaintiff, **within seven (7) days** of the issuance of this Order, to provide a copy of the "move out statement" to counsel for Tiger Manor. **Within twenty-one (21) days** of receipt of the "move out statement," Tiger Manor must submit supplemental discovery responses to Interrogatories 2, 3, 5, and 6 and Requests for Production 6-9 to Plaintiff. If, after receiving Tiger Manor's revised responses, there remain any disputes as to the sufficiency of the responses provided, the Parties are **ordered** to confer pursuant to Rule 37 **in good faith**. Any subsequent motion to compel that may be filed based on these discovery requests must set forth in the appropriate certification: (1) who participated in the Rule 37 conference, (2) how it was conducted (*e.g.*, by phone), (3) how long the conference lasted (in minutes), (4) the topics or areas that were addressed, and (5) the topics that were resolved and/or remain outstanding. Make no mistake, failure to confer in good faith is grounds for dismissal of a discovery motion. *See Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) ("Because Robinson cannot show the parties attempted to confer in good faith to resolve the discovery request, the district court did not abuse its discretion in denying the motion."); *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 400 (S.D.

---

[25] *Id.* at 1.

Tex. 2012) (denying motion to compel for failure to satisfy Rule 37's requirement of a good faith attempt to confer). Further, given this resolution, the Court cannot foresee a situation where this Motion will need to be brought before the Court again.

### C. Plaintiff's Motion to Compel Tiger Manor's Discovery Responses to "Set Six" (R. Doc. 119)

Plaintiff's second Motion to Compel filed against Tiger Manor being addressed here was filed on December 9, 2020, and seeks responses to a portion of discovery "Set Six," submitted to Tiger Manor on October 21, 2020 (R. Doc. 119). Here, there is a single interrogatory still at issue to which Plaintiff claims Tiger Manor did not adequately respond. Because Plaintiff filed her Motion to Compel after expiration of the fact discovery deadline, the Court first addresses the timeliness of Plaintiff's Motion before turning to the substantive arguments of the Parties.

#### 1. Timeliness of Plaintiff's Motion to Compel

The deadline for completing fact discovery in this case expired on December 2, 2020.[26] However, Plaintiff did not file this Motion to Compel until December 9, 2020, seven (7) days after the deadline. In her Motion to Compel, Plaintiff acknowledges this, stating: "This motion is brought pursuant to Local Civil Rule 26(d)(1) that permits filing of motion to compel within seven days after the discovery deadline, provided that it pertains to conduct, occurring during the final seven days of discovery."[27] In her Motion and memorandum in support thereof, Plaintiff provides no other argument as to how this Motion pertains to conduct occurring during the final seven days of discovery. She does, however, claim that on November 20, 2020, she emailed Tiger Manor about its responses, asking Tiger Manor if it would be willing to respond to a revised interrogatory by Plaintiff and if it was willing to meet and confer on November 23, 24, or 26.[28] Tiger Manor

---

[26] R. Doc. 79.
[27] R. Doc. 119 at 1.
[28] R. Doc. 119-1 at 1.

responded on November 24, 2020, stating only that it would be "happy to respond to the request as revised."[29] A subsequent email by Plaintiff sent on November 24, 2020, requested a meet and confer on November 27, 28, or 30.[30] Tiger Manor apparently never responded to this second request.[31] The Court can only surmise that this is the "conduct occurring during the final seven days of discovery" to which Plaintiff refers.

According to Local Civil Rule 26(d)(1), "[a]bsent exceptional circumstances, no motions relating to discovery…shall be filed after the expiration of the discovery deadline, unless they are filed within seven days after the discovery deadline and pertain to conduct occurring during the final seven days of discovery." Here, while no conduct actually occurred within the seven days prior to expiration of the fact discovery deadline, it appears to be the absence of conduct, *i.e.*, not scheduling or conducting a meet and confer, that resulted in Plaintiff's filing this motion to compel. Given Plaintiff's proclivity for filing motions, particularly motions to compel, the Court finds this reasoning somewhat dubious, made even more so by the fact that Plaintiff failed to argue this herself. However, given that Tiger Manor does not challenge the timeliness of this Motion to Compel in its opposition thereto, and giving Plaintiff a liberal interpretation of her pleading, given her *pro se* status,[32] the Court will accept Plaintiff's Motion to Compel as timely in this instance only.

### 2. Rule 37 Conference

In opposing Plaintiff's Motion to Compel, Tiger Manor again argues that Plaintiff failed to comply with the requirements of Rule 37(a). Per Tiger Manor, after Plaintiff sent it a revised

---

[29] *Id.*
[30] *Id.*
[31] *Id.*
[32] With regard to *pro se* pleadings, they are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *see also SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a *pro se* plaintiff's] allegations and briefs more permissively").

discovery request, asking it to respond thereto or asking it to provide dates for a meet and confer, Tiger Manor responded to Plaintiff that it would "provide a response in due course" to the revised request, thereby obviating any need for a meet and confer.[33] Then, per Tiger Manor, without attempting to discuss her issues with Tiger Manor's counsel, Plaintiff simply filed the instant Motion to Compel.[34] Plaintiff, not surprisingly, sees things differently. As alleged by Plaintiff, she asked Tiger Manor if it would be willing to meet and confer and provided possible dates.[35] Getting no response to her request to meet and confer, she sent additional possible dates, all as previously set forth, to which she again received no response.[36]

As with the Motion to Compel discussed above, the Court again, while agreeing that a failure to even have a discussion, which appears the case here, falls short of the requirements of Rule 37(a), the interests of judicial economy and an effort to keep this case moving outweigh any failure, whether perceived or real, to strictly abide by the requirements for Rule 37(a). The Court, therefore, turns to the merits of Plaintiff's Motion to Compel.

### 3. Plaintiff's Discovery Request

In this Motion to Compel, Plaintiff seeks an order compelling Tiger Manor to more fully respond to the following single interrogatory:

> **INTERROGATORY NO. 8:** State the full name of the maintenance worker, John B., who handled Plaintiff's maintenance requests, concerning malfunctioning of the heating and cooling equipment in the rented unit from August to October 2018. State whether John B. still works for SC Tiger Manor or "The Bradshaw Apartments" and provide his contact information. If John B. no longer works for SC Tiger Manor, provide his last known contact information, including phone number, email address, and mailing and/or physical address.[37]

---

[33] R. Doc. 132 at 1-2.
[34] *Id.* at 2.
[35] R. Doc. 119-1 at 1.
[36] *Id.* at 1-2.
[37] *Id.* at 2-3.

Tiger Manor's response, which includes general objections, also objects as "vague and ambiguous in that the interrogatory does not reasonably identify or describe the identity of the individual referenced therein" and that "Tiger Manor is unaware of the identity of 'John B.'…and is unaware of having employed any 'John B.' during the time frame referenced."[38]  In its opposition, Tiger Manor, arguing that it provided "an actual, legitimate answer responding to the request," states that it "answered the request by stating that it did not employ the maintenance worker (referenced only by first name) during the time period in question."[39]

Attached as an exhibit to Plaintiff's Motion to Compel are what appear to be computer screen shots of service requests made by Plaintiff regarding Tiger Manor Apartments, some of which state that the request being made there was resolved by "John B." and provide a photograph of "John B."[40]  The Court does not know whether this exhibit was provided to Tiger Manor with Plaintiff's discovery requests.  If not, Tiger Manor has it now.  The Court also does not know whether this photograph will help Tiger Manor identify "John B." or not.  As such, **within twenty-one (21) days** of this Order, Tiger Manor is **ordered** to submit a supplemental response to Plaintiff's Interrogatory 8, either providing additional information it has based on obtaining the photograph or, if it has no additional information about "John B.," simply telling Plaintiff so.

### 4. Tiger Manor's Requests for Costs

Finally, Tiger Manor asks the Court to order Plaintiff to pay its costs incurred in opposing this Motion to Compel due to Plaintiff's "practice of bombarding defendants and the Court with excessive, frivolous motions, which are not founded on valid premises, in good faith, or in accordance with federal and local procedure" and that "Plaintiff's abuse and harassment is

---

[38] *Id.* at 3.
[39] R. Doc. 132 at 2.
[40] R. Doc. 119-2 at 1-2.

unacceptable."[41] Given that some relief is being offered Plaintiff in this Order, the Court declines to issue such an order at this time. However, Plaintiff, given the sheer volume of motions she has filed and, what the Court interprets as a preference for filing motions rather than working through, or even attempting to work through, any differences with opposing counsel, is hereby warned that such costs may be assessed her in the future should this trend continue.

### D. Plaintiff's Motion to Order U.S. Marshals to Serve Subpoenas (R. Doc. 89)

On November 12, 2020, Plaintiff also filed a Motion to Order U.S. Marshals to Serve Subpoenas (R. Doc. 89). In this Motion, Plaintiff seeks service of subpoenas on third parties BH Management, LLC, and Yardi Systems, Inc., which, according to Plaintiff, were "hired by [Tiger Manor] to perform various functions that pertain to renting the units in the apartment complex and/or maintaining the software that collects and processes all information about rental units and residential leases during the times, relevant to this complaint."[42] Plaintiff continues by explaining that the information being sought via these subpoenas "has been requested through formal discovery from Tiger Manor" and that Tiger Manor "is in possession of this information and is in the best position to provide it."[43] Per Plaintiff, "the requested information has been created and maintained by other companies for Tiger Manor, and Tiger Manor is most certainly in possession of the information."[44] Plaintiff further claims she filed this Motion because she did not know whether, *inter alia*, Tiger Manor would be compelled to provide responsive information.[45]

As this Order compels Tiger Manor to produce information to Plaintiff, the Court at this time will deny this Motion without prejudice. Because, as Plaintiff states, Tiger Manor is in the

---

[41] R. Doc. 132 at 3.
[42] R. Doc. 89 at 1.
[43] *Id.*
[44] *Id.* at 2.
[45] *Id.*

best position to provide this information, the Court will allow it another opportunity to do so. If, after receiving supplemental discovery responses from Tiger Manor, Plaintiff still lacks *essential* information, she may refile this Motion, but only after a good faith attempt to resolve any lingering disputes with Tiger Manor before doing so.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Tiger Manor's Discovery Responses (R. Doc. 78), is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**. Tiger Manor is **ordered** to supplement its response to Interrogatory 1 **within twenty-one (21) days** of the date of this Order. Plaintiff is **ordered** to provide a copy of the "move out statement" to counsel for Tiger Manor **within seven (7) days** of the date of this Order. **Within twenty-one (21) days** of receipt of the "move out statement," Tiger Manor is **ordered** to submit supplemental discovery responses to Interrogatories 2, 3, 5, and 6 and Requests for Production 6-9.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Tiger Manor's Discovery Responses (R. Doc. 119) is **GRANTED IN PART**, and Tiger Manor is **ordered** to supplement its response to Interrogatory 8 **within twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Order U.S. Marshals to Serve Subpoenas (R. Doc. 89) is **DENIED WITHOUT PREJUDICE**.

Signed in Baton Rouge, Louisiana, on March 19, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**