UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LYDIA McCOY                                         CIVIL ACTION

VERSUS                                              NO. 19-723-JWD-SDJ

SC TIGER MANOR, LLC, ET AL.

---

## ORDER

Before the Court is a Motion to Compel and Motion for Sanctions Under Federal Rule of Civil Procedure 37 ("Motion") filed by Defendant Experian Information Solutions, Inc. ("Experian") on December 3, 2020 (R. Doc. 116). Experian's Motion seeks an order compelling Plaintiff both to provide responses to discovery requests previously propounded by Experian and to appear for her deposition.[1] Experian also moves for sanctions against Plaintiff under Federal Rule of Civil Procedure 37(d) for her failure to appear for her deposition on November 25, 2020, and her failure to respond to Experian's Interrogatories.[2] Plaintiff opposes this Motion (R. Doc. 133). The Court addresses each type of discovery propounded on Plaintiff—requests for production, requests for admission, and interrogatories—as well as Plaintiff's failure to appear for her deposition and Experian's request for sanctions against Plaintiff, in turn, below.

I.      Motion to Compel

        A.      Legal Standard

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the

---

[1] R. Doc. 116 at 1.
[2] *Id.*

action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit.  Information within this scope of

discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  "For

purposes of discovery, relevancy is construed broadly to encompass any matter that bears on, or

that reasonably could lead to other matters that could bear on, any issue related to the claim or

defense of any party." *Tingle v. Hebert*, No. 15-626, 2016 WL 7230499, at *2 (M.D. La. Dec. 14,

2016) (quoting *Fraiche v. Sonitrol of Baton Rouge*, 2010 WL 4809328, at *1 (M.D. La. Nov. 19,

2010)) (internal quotations omitted).

The court must limit the frequency or extent of discovery if it determines that: "(i) the

discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other

source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery

has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed

discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  Rule 26(c)'s

"good cause" requirement indicates that the party seeking a protective order has the burden "to

show the necessity of its issuance, which contemplates a particular and specific demonstration of

fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d

302, 306 (5th Cir. 1998) (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)).

Rule 33 of the Federal Rules of Civil Procedure provides for the service of written

interrogatories.  A party seeking discovery under Rule 33 may serve interrogatories on any other

party and the interrogatory "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(1)-(2).

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible items. A party seeking discovery must serve a request for production on the party believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a)(1). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A).

Rule 36 of the Federal Rules of Civil Procedure allows a party to serve on another party a written request to admit the truth of any matters within the scope of Rule 26(b)(1) relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection" and "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(3)-(4).

A party must respond or object to interrogatories and requests for production. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2). The default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). "In sum, a party served with written discovery must fully answer each interrogatory or document request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain

what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (internal quotations and citation omitted).

The party filing the motion to compel "bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Tingle*, 2016 WL 7230499, at *2 (quoting *Mirror Worlds Techs., LLC v. Apple Inc.*, No. 13-419, 2016 WL 4265758, at *1 (E.D. Tex. Mar. 17, 2016)). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted." *Id.* (quoting *Mirror Worlds*, 2016 WL 4265758, at *1). *See also Wymore v. Nail*, No. 14-3493, 2016 WL 1452437, at *1 (W.D. La. Apr. 13, 2016) ("Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections."). Further, "[a] trial court enjoys wide discretion in determining the scope and effect of discovery." *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982) (citation omitted).

### B. Experian's Discovery Requests to Plaintiff

#### 1. Requests for Production

According to Experian, it served its First Requests for Production and Requests for Admission on Plaintiff on July 14, 2020.[3]  Plaintiff did not respond to Experian's Requests for Production.[4]  Following multiple email communications between the Parties regarding Plaintiff's

---

[3] R. Doc. 116-1 at 3.
[4] *Id.* at 4.

responses, Plaintiff eventually provided responses to Experian's Requests for Production on October 8, 2020.[5]  However, these responses did not include any document production; rather, they consisted only of objections to each Request.[6]  Following this response, the Parties held a meet and confer, during which Experian inquired "whether [Plaintiff] has any responsive information in her possession that she is withholding on the basis of her objections."[7]  Plaintiff refused to provide this information.[8]  Plaintiff also has refused to state whether she has any responsive documents in her possession.[9]  As such, Experian has moved to compel Plaintiff to respond to all Requests for Production propounded on Plaintiff, totaling 31.

In her Opposition, Plaintiff objects wholesale to Experian's Motion, claiming that "it was not submitted in good faith" because "Experian's questions either inquire about information that Plaintiff does not have – because it was not given to her by Defendants, including Experian, or because the questions have been crafted to misrepresent the facts and elicit an inadvertent admission or inquire into absolutely irrelevant facts with intention to mislead and misrepresent information and facts about the case."[10]  With regard to Experian's Requests for Production, Plaintiff claims that she "specifically made a point to use a minimum of objections while responding to Experian's requests" and takes issue with the fact that, while she served only eight requests to produce on Experian, including five for which she filed a motion to compel, Experian has served 31 requests for production.[11]  Per Plaintiff, Experian "served nearly a maximum number

---

[5] *Id.* at 4-5.
[6] *Id.* at 6.
[7] *Id.*
[8] *Id.*
[9] *Id.* at 6-7.
[10] R. Doc. 133 at 1.
[11] *Id.* at 2, 4.  The Court here notes that in her Opposition to Experian's Motion to Compel, Plaintiff frequently expounds on what she calls the "discovery abuse" by Experian. *See, e.g., id.* at 3.  Plaintiff's argument regarding the perceived insufficiency of Experian's responses to Plaintiff's discovery requests concerns an issue not before the Court and irrelevant to the current Motion.  R. Doc. 133 at 3-4.  Plaintiff also, once again, repeatedly takes issue with "that abusive 'protective order' ruse [that] stole several months of discovery from Plaintiff."  *Id.*  And again, all such

of all types of requests," and "[i]ts requests are impermissibly repetitive, with each request for admission, interrogatory, and request to produce mimicking each other, and attempting to cover *everything* in each request."[12]  Plaintiff continues, arguing that the Requests have been propounded "in order to harass and misrepresent the facts."[13]

Plaintiff also asserts that she cannot respond to some requests by Experian because she has not received certain documents from Defendants.[14]  Per Plaintiff, "[a]s defendants have been resisting discovery and withholding responsive documents, they now are trying to get the information she requested from them in January-February, 2020, so that they know what evidence Plaintiff is in possession [sic] and know how to respond to discovery, propounded to them."[15]  Plaintiff repeats this argument—that she has not received documents requested from Defendants—throughout her Opposition.[16]  Plaintiff also argues that some of Experian's questions are designed to confuse Plaintiff, including a section at the end of her Opposition titled "More on Experian's Questions that are Specifically Crafted to Confuse and Misrepresent Facts."[17]  However, Plaintiff here delves into the facts and merits of the case, issues which are not presently before the Court.

Based on Plaintiff's arguments in her Opposition, Plaintiff appears to view discovery as a tit for tat endeavor—that because one party does not do what she thinks they ought to do, or because a party does something differently than she did, she is not obligated to respond properly. Plaintiff should dispel herself of this notion immediately.  A party may not refuse to comply with

_____

arguments are irrelevant here.  As such, the Court focuses only on those arguments in Plaintiff's Opposition that pertain to the specific discovery requests and deposition notice submitted by Experian, which are the subject of Experian's Motion.

[12] *Id.* at 5.
[13] *Id*.
[14] *Id.* at 4.
[15] *Id.*  Plaintiff makes this argument in her objection to Experian's Request for Production No. 1, which Plaintiff also includes in her Opposition.
[16] *See, e.g., id.* at 7.
[17] *Id.* at 19.

an opposing party's discovery requests "simply because [s]he believes that the opposing parties have not fully complied with [her] discovery requests to them." *Lopez*, 327 F.R.D. at 581 (citation omitted); *see also Genentech, Inc. v. Trustees of Univ. of Pa.*, No. 10-2037, 2011 WL 7074208, at *1 (N.D. Cal. June 10, 2011) ("The Court does not look favorably upon a 'tit-for-tat' approach to discovery.  A party may not withhold relevant discovery simply on the basis that the other side has not been forthcoming with discovery.  A party may not excuse its failure to comply with discovery obligations by claiming that its opposing party is similarly delinquent.  Nor may a party condition its compliance with its discovery obligations on receiving discovery from its opponent.") (internal quotations and citations omitted).  Plaintiff herself instigated this litigation, thereby willingly subjecting herself to the rules of this Court and all federal rules governing discovery.  They must be followed.  And Plaintiff's responsibility for complying with discovery rules is independent of Defendant's obligations.

Additionally, a defendant is entitled to any evidence a plaintiff "currently has in his possession, custody or control which supports his allegations against them unless privileged or otherwise protected." *Sigur v. Emerson Process Mgmt.*, No. 05-1323, 2006 WL 8434219, at *3 (M.D. La. Jan. 13, 2006).  With regard to the Requests for Production, Federal Rule of Civil Procedure 34(b)(2)(C) mandates that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection."  Further, as stated above, the party resisting discovery has the burden "of establishing lack of relevance by specifically demonstrating the requested discovery either does not come within the broad scope of relevance under Rule 26(b)(1) or is of such marginal relevance the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Lowry v. Schultes*, No. 10-713, 2013 WL 12291553, at *3 (W.D. Tex. Mar. 1, 2013).

Having reviewed all of Plaintiff's responses to Experian's Requests for Production, the Court finds that Plaintiff has failed to carry this burden and has failed to adequately respond to Experian's Requests for Production.  Plaintiff at no point states whether she is withholding responsive documents based on her objections or even whether she has responsive documents. Such responses are not sufficient.

Further, while Plaintiff makes relevancy objections to Requests for Production Nos. 2, 4, 5, 16, and 30, she does not show how these requests are not within the scope of Rule 26.  Request No. 2 asks for all of Plaintiff's places of residence from June 1, 2019 to present,[18] which the Court finds relevant to Plaintiff's oft-repeated argument that Experian mailed the results of its reinvestigation to the wrong address for Plaintiff.[19]  Request No. 4 seeks all documents relating to any correspondence or communication between Plaintiff and a consumer reporting agency other than Experian regarding Plaintiff's alleged debt.[20]  The Court again finds this request relevant, particularly as Plaintiff has claimed that one credit reporting agency removed the alleged debt from her file.[21]  Request No. 5 similarly seeks all documents relating to Plaintiff's credit reports obtained from any source.[22]  Plaintiff claims this Request is irrelevant because "what Experian put in the credit report was not disputed."[23]  However, Plaintiff claims that her credit rating and ability to obtain credit have been damaged by Defendants' actions, and Plaintiff's credit reports are germane to that allegation.[24]  Request No. 16 asks for all documents and communications related to Plaintiff's rental agreement or lease agreement for her apartment, including documents related to

---

[18] R. Doc. 116-1 at 10-11.
[19] *See* R. Doc. 133 at 23.
[20] R. Doc. 116-1 at 11.
[21] *See* R. Doc. 49 at 4 ¶ 13.
[22] R. Doc. 116-1 at 12.
[23] *Id.*
[24] *See* R. Doc. 49 at 4 ¶ 13.

termination or renewal of that agreement.[25]  As Plaintiff claims she did not incur the debt alleged

by Tiger Manor because, per said agreement, she was entitled to vacate the apartment because

Tiger Manor failed to repair the heating and cooling system in her apartment, the documents

requested here, too, are relevant to this litigation.[26]  Finally, Request No. 30 seeks all documents

relating to whether Plaintiff's application for insurance was denied, or one or more of her insurance

policies terminated, due to Plaintiff's credit report from Experian.[27]  Plaintiff claims that she has

not anywhere alleged that she was denied insurance, while Experian argues that it is seeking

documents Plaintiff intends to use to support her claim of damages attributable to Experian's

conduct.[28]  Plaintiff, however, also states that she "cannot possibly estimate what her quoted

premium would be if Experian was not distributing certain information about her."[29]  To the Court,

this statement indicates that while Plaintiff may not have alleged insurance has been denied her, it

does appear she may be seeking recovery that includes an increase in an insurance premium.  As

such, the Court finds Experian's requests relevant to this litigation and within the scope of

discovery allowed by Rule 26.

Accordingly, **within 21 days** of the date of this Order, for each Request for Production

propounded by Experian, Nos. 1-31, Plaintiff must produce all documents responsive to that

request and state whether any responsive documents are being withheld based on Plaintiff's

objections to the request, in compliance with Rule 34(b)(2)(C).  If Plaintiff does not have any

responsive documents in her possession, for example, because she is waiting to receive documents

from a particular Defendant, she is instructed to state that in her response to each Request.  Further,

---

[25] R. Doc. 116-1.at 17.
[26] R. Doc. 49 at 3 ¶¶ 8-9.
[27] R. Doc. 116-1 at 22-23.
[28] *Id.* at 22.
[29] *Id.*

Plaintiff is reminded of her continuing duty to supplement discovery responses as new information is received. *See* Fed. R. Civ. P. 26(e)(1) ("A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing…"). Given that many of Plaintiff's objections to Experian's Requests state that a Defendant is in possession of the documents being requested, should Plaintiff obtain them, she is obligated to produce them to Experian if the producing party does not.

### 2.    Requests for Admission

As stated above, Experian served its First Requests for Admission on Plaintiff on July 14, 2020.[30] Per Experian, Plaintiff provided responses to Experian's First Requests for Admission on August 15, 2020, which responses "only admitted or denied a small handful of Requests" with Plaintiff "refus[ing] to admit or deny any others."[31] Plaintiff also objected to all but four requests.[32] Plaintiff largely provides two objections to Experian's requests, the first being objection "to Experian's misrepresentation of facts, taking them out of context, twisting, and presenting a distorted version while ignoring the facts that do not go well with its defense or agenda."[33] The second main objection by Plaintiff is that "Experian should familiarize itself with Plaintiff's complaint that details all Plaintiff's damages and claims against Experian."[34] These are not sufficient responses.

---

[30] *Id.* at 3.
[31] *Id.* at 3-4.
[32] Plaintiff provides an admission or denial to Requests for Admission Nos. 1, 16, 17, and 18. R. Doc. 116-2 at 1, 4.
[33] Plaintiff provides this objection to Requests for Admission Nos. 8-15. R. Doc. 116-2 at 2-4.
[34] Plaintiff provides this objection to Requests for Admission Nos. 2, 4-7. R. Doc. 116-2 at 1-2. Plaintiff's objection to Request for Admission No. 3 also contains similar language. *Id.* at 1.

According to Federal Rule of Civil Procedure 36(a)(4), "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."  The Rule continues, "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  As, for the majority of Experian's Requests for Admission, Plaintiff fails to either admit or deny the request or explain why she cannot admit or deny it, she is hereby instructed to provide responses that comply with the requirements of Rule 36 for Experian's Requests for Admissions Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 **within 21 days** of the date of this Order.

### 3.    Interrogatories

On October 23, 2020, Experian served Interrogatories on Plaintiff.[35]  Plaintiff did not provide timely responses to Experian, eventually stating on December 1, 2020, that she would provide her responses to Experian's Interrogatories on December 3, 2020, after expiration of the fact discovery deadline.[36]  In her Opposition, Plaintiff confirms that she stated she would provide her responses to Experian's Interrogatories on December 3, 2020.[37]  Per Plaintiff, if Experian had any issues with the production, it could file a motion to compel pursuant to Local Civil Rule 26(d)(1), which permits the filing of a motion to compel within seven (7) days of expiration of the fact discovery deadline, provided the motion to compel pertains to conduct occurring during the final seven (7) days of discovery.[38]  Experian, however, filed its Motion to Compel based on Plaintiff's failure to respond to its Interrogatories before expiration of the fact discovery deadline.

---

[35] R. Doc. 116-1 at 7.
[36] *Id.*  Fact discovery ended on December 2, 2020.  R. Doc. 79.
[37] R. Doc. 133 at 6.
[38] *Id.*

The Court believes that Experian acted prudently here in filing its Motion prior to expiration of the fact discovery deadline, particularly given Plaintiff's demonstrated reluctance to provide sufficient discovery responses and the chance that the Court would find a later motion to compel untimely. Further, the Court has received no indication that Plaintiff actually provided adequate responses to Experian's Interrogatories on December 3, 2020. As such, Plaintiff is hereby **ordered** to provide sufficient, meaningful responses to each and every Interrogatory propounded by Experian (Nos. 1-24**) within 21 days** of the date of this Order.

### B. Rule 37 Conference

If, after receiving Plaintiff's responses, there remain any disputes as to the sufficiency of the responses provided, the Parties are **ordered** to confer pursuant to Rule 37 **in good faith**. Any subsequent motion to compel that may be filed based on these discovery requests must set forth in the appropriate certification: (1) who participated in the Rule 37 conference, (2) how it was conducted (*e.g.*, by phone), (3) how long the conference lasted (in minutes), (4) the topics or areas that were addressed, and (5) the topics that were resolved and/or remain outstanding. To be clear, failure to confer in good faith is grounds for dismissal of a discovery motion. *See Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) ("Because Robinson cannot show the parties attempted to confer in good faith to resolve the discovery request, the district court did not abuse its discretion in denying the motion."); *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 400 (S.D. Tex. 2012) (denying motion to compel for failure to satisfy Rule 37's requirement of a good faith attempt to confer). Further, given the explicit instruction of the Court herein, the Court cannot foresee a situation where this Motion will need to be brought before the Court again and reminds the Parties that filing discovery motions with the Court should be a recourse of last resort. *See, e.g., Draper v. Bank of Am., N.A.*, No. 11-505, 2012 WL 12878606, at *2 (W.D. Tex. Mar. 8, 2012) (regarding

discovery matters, "[n]either side should seek determinations from this Court, except as a last resort").

###### D.        Plaintiff's Failure to Attend her Deposition

On November 3, 2020, Experian noticed Plaintiff's deposition for November 25, 2020.[39] In response, on November 11, 2020 (R. Doc. 88), Plaintiff filed a Motion to Suppress her deposition, which this Court denied on November 23, 2020 (R. Doc. 97).  In its Order, the Court specifically stated, "[u]nless Experian agrees to postpone Plaintiff's deposition, it shall be taken as noticed."[40]  As no postponement was arranged, Plaintiff was scheduled to be deposed on November 25, 2020.   However, on the morning of November 25, 2020, Plaintiff emailed Experian's counsel, simply stating, "I will be unable to participate today" and providing no reason or further explanation for her absence.[41]  Counsel responded, asking for a reason for Plaintiff's unavailability and stating that "[a]bsent an urgent, unexpected emergency, Experian will be moving forward with today's deposition and will move for appropriate relief should you not appear."[42]  Plaintiff did not respond.  Experian's counsel sent a second email stating that absent information about the reason for Plaintiff being unable to attend her deposition, the deposition would proceed.[43]  Plaintiff, again, did not respond.  Experian's counsel then sent a third email stating that the parties "have all appeared" for the deposition and would be "going on the record shortly to state appearances and conclude the deposition."[44]  To the Court's knowledge, Plaintiff never provided Experian's counsel with the reason she failed to appear.

---

[39] R. Doc. 116-1 at 7-8.
[40] R. Doc. 97 at 5.
[41] R. Doc. 116-9 at 2.
[42] *Id.*
[43] *Id.* at 1.
[44] *Id.*

However, in her Opposition, Plaintiff opposes being deposed, claiming that the deposition "has only one purpose—by asking purposefully defective questions, twisted and worded in such a manner that they misrepresent the truth and would shift attention from the essence of this case to the absolutely unimportant and misleading details, get favorable to Experian responses from Plaintiff who does not speak English very well."[45]  Plaintiff continues along these lines, claiming that Experian has held longer conversations with Plaintiff than any other Defendant, which "felt like interrogations where Experian was trying to understand how Plaintiff thinks," and that Experian "stonewalled her, more than any other Defendant" during discovery discussions because Experian "pretended that it does not understand the question and would respond with an irrelevant, evasive, and long monologue."[46]  Per Plaintiff, "[d]uring those 'discussions,' Experian learned that by confusing and outsmarting Plaintiff, and asking specifically crafted for such purposes questions, it can elicit some favorable admissions to something that Plaintiff would not even understand what is it she was asked about, and will try to explain something completely different."[47]  Plaintiff continues in this vein, arguing that this case "should be proved in its entirety based on the documentation alone" and that "Experian wants to turn it into a 'talking' matter because its opponent is not very good in talking and could be easily confused and ambushed by misleading, underhandedly crafted questions."[48]  Finally, Plaintiff notes that in the Joint Status Report in this case, there is no mention of depositions.[49]  Per Plaintiff, this omission should preclude Experian from being able to depose Plaintiff.[50]

---

[45] R. Doc. 133 at 8.
[46] *Id.*
[47] *Id.*
[48] *Id.* at 9.
[49] *Id.* at 10-11.
[50] *Id.* at 11.

Federal Rule of Civil Procedure 30(a)(1) allows a party, without leave of court, to "depose any person, including a party."[51]  *See Augustine v. La. ex rel. Dep't of Pub. Safety & Corr.*, No. 10-171, 2011 WL 3420645, at *1 (M.D. La. Aug. 4, 2011) ("a person having knowledge of facts sought by the moving party is subject to examination") (citing Fed. R. Civ. P. 30(a)(1)); *E.E.O.C. v. Greater Metroplex Interiors, Inc.*, No. 08-1362, 2009 WL 412934, at *1 (N.D. Tex. Feb. 17, 2009) ("Under Rule 30(a)(1), a party may take the deposition of any other party.").  Further, "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DeSilva v. Allergan USA, Inc.*, No. 19-1606, 2020 WL 5947621, at *2 (C.D. Cal. Aug. 11, 2020) (citation omitted).  Because a party seeking to prevent a deposition carries a heavy burden to show why it should be denied, "it is very unusual for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (internal quotations and citations omitted).

The Court here finds that Plaintiff has failed to carry this burden.  Given Plaintiff's voluminous filings, both in length and quantity, which, overall, are well-articulated, it appears Plaintiff has a strong grasp of the English language.  And, to the Court's knowledge, nothing is preventing Plaintiff from working with Experian to secure an interpreter for the deposition, should one be needed.  Further, Plaintiff cannot escape the fact that it is she who instigated this litigation and, as such, must participate fully therein.  Plaintiff does not get to direct how any Defendant chooses to defend against Plaintiff's allegations.  In addition, Plaintiff's accusations against Experian here regarding the deposition are simply that, unsupported accusations.  The Court has

---

[51] The Court notes that while certain exceptions to this rule exist, none are applicable to the present case, given that, although the Parties clearly have not stipulated to the deposition, this will only be the first deposition of Plaintiff, Plaintiff has not previously been deposed in this case, it is not untimely, and Plaintiff is not confined in prison. *See* Fed. R. Civ. P. 30(a)(2).

found no evidence of Experian acting "underhandedly" in seeking to take a party's deposition, which is a routine, common practice and in and of itself is not an underhanded act.

As such, **within five (5) days** of the date of this Order, Plaintiff is instructed to provide no less than five (5) available dates on or before April 30, 2021, on which Experian can take her deposition. Once a date is agreed upon, Plaintiff is hereby ordered to attend her deposition. To be clear, this is a direct order by the Court, and Plaintiff's failure to fully comply with it will result in sanctions against her.

## II.    Request for Sanctions

Along with seeking to compel responses to discovery requests and to compel Plaintiff to sit for her deposition, Experian also includes a Motion for Sanctions, seeking relief for Plaintiff's failure to appear for her deposition and failure to respond to Experian's Interrogatories.[52] Specifically, Experian requests an award of $500.00 and an order precluding Plaintiff from testifying at trial.[53]

According to Federal Rule of Civil Procedure 37(d)(1)(A), "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party…fails, after being served with proper notice, to appear for that person's deposition; or (ii) a party, after being properly served with interrogatories under Rule 33…fails to serve its answers, objections, or written response." Here, Plaintiff has failed to do both. Rule 37(d)(3) discusses the types of sanctions that may be imposed for violations of Rule 37(d)(1), which include "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."[54] Rule 37(d)(3) further provides that "[i]nstead of or in addition to these sanctions, the court

---

[52] R. Doc. 116-1 at 29.
[53] *Id.* at 30.
[54] The orders listed in Rule 37(b)(2)(A) are: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii)

must require the party failing to act, the attorney advising that party, or both to pay the reasonable

expenses, including attorney's fees, caused by the failure, unless the failure was substantially

justified or other circumstances make an award of expenses unjust."

The Court recognizes the mandatory language of Rule 37(d)(3), *i.e.*, that "the court <u>must</u>

require the party failing to act…to pay the reasonable expenses…caused by the failure." However,

the statute provides an exception if "the failure was substantially justified or other circumstances

make an award of expenses unjust." With regard to Plaintiff's failure to respond to Experian's

Interrogatories, the Court acknowledges Plaintiff's argument in support of providing her responses

one day after expiration of the fact discovery deadline that Experian would still have time to file a

motion to compel related to any such responses pursuant to Local Civil Rule 26(d). This argument

is supported by the fact that Plaintiff herself previously filed a motion to compel pursuant to this

Rule.[55]  However, given Plaintiff's apparent failure to provide the promised responses on

December 3, 2020, which would potentially have mooted at least part of this Motion to Compel,

the Court is hard-pressed to find that Plaintiff's failure to respond was substantially justified.

The Court's review does not end there, though,  Rule 37(d)(1)(B) requires that "[a] motion

for sanctions for failing to answer or respond must include a certification that the movant has in

good faith conferred or attempted to confer with the party failing to act in an effort to obtain the

answer or response without court action." The certification included by Experian with its Motion

states only that "counsel for Experian…emailed [Plaintiff] on November 30, 2020, regarding her

failure to respond to Experian's Interrogatories" and that Plaintiff "responded on December 1,

2020 that she would not be providing responses to Experian's Interrogatories until after the close

---

treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

[55] *See* Plaintiff's Motion to Compel Tiger Manor's Discovery Responses (R. Doc. 119).

of discovery."[56]  While the Court is aware of the discordant relationship between Plaintiff and defense counsel, the Court finds that a single email does not constitute a good faith effort to confer, or attempt to confer, with Plaintiff about her failure to timely respond.  As such, given the shortcomings by both Parties, the Court, at this time, declines to impose sanctions on Plaintiff based on her failure to respond to Experian's Interrogatories.

Plaintiff's failure to appear for her duly-noticed deposition, however, is another matter. This Court issued an Order denying Plaintiff's Motion to Suppress her deposition and specifically stated therein that, barring an agreement by Experian to postpone the deposition, the deposition "shall be taken as noticed."[57]  Additionally, in notifying Experian the day of the scheduled deposition that she would not attend, Plaintiff provided no excuse or reason for her failure to show, and nothing in her Opposition indicates that an unexpected emergency occurred, preventing her attendance.[58]  Actions like this will not be tolerated.  While the Court has no doubt that counsel for Experian incurred expenses related to this deposition, including reserving an online deposition platform and scheduling a court reporter,[59] the Court also is aware that Plaintiff is proceeding *pro se* and *in forma pauperis* in this case.  As such, at this time, the Court will not impose costs upon Plaintiff.  Further, the Court also declines at this time to impose the draconian sanction of prohibiting Plaintiff, who is representing herself in this case, from testifying at trial, which sanction is not contemplated by Rule 37(d)(3).  However, let the Court be absolutely clear here, that if Plaintiff fails to comply with all instructions of this Court regarding the rescheduling of her deposition, including attending and participating in that deposition once scheduled, she will be in

---

[56] R. Doc. 116-1 at 33.
[57] R. Doc. 97 at 5.
[58] R. Doc. 116-9 at 2.
[59] R. Doc. 116-1 at 31.

violation of this Order of the Court, and sanctions will be imposed, which can include finding

Plaintiff in contempt of Court and/or dismissal of this case.[60]

## III.    Conclusion

Accordingly,

**IT IS ORDERED** that the Motion to Compel and Motion for Sanctions Under Federal

Rule of Civil Procedure 37 filed by Defendant Experian Information Solutions, Inc. is

**GRANTED IN PART** and **DENIED IN PART**.  Experian's Motion to Compel is **GRANTED**,

and Plaintiff is **ordered** to provide sufficient responses to and produce all documents responsive

to Experian's Requests for Production Nos. 1 through 31 **within 21 days** of the date of this Order.

Plaintiff further is **ordered** to provide responses that comply with the requirements of Rule 36 to

Experian's Requests for Admissions Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 **within 21**

**days** of the date of this Order.  Plaintiff further is **ordered** to provide sufficient responses to

Interrogatories Nos. 1-24 propounded by Experian **within 21 days** of the date of this Order.

Finally, **within five (5) days** of the date of this Order, Plaintiff is instructed to provide no less than

five (5) available dates on or before April 30, 2021, on which Experian can take her deposition.

Once a date is agreed upon, Plaintiff is hereby **ordered to attend** her deposition.

**IT IS FURTHER ORDERED** that, to the extent the Motion to Compel and Motion for

Sanctions Under Federal Rule of Civil Procedure 37 seeks the imposition of sanctions against

Plaintiff, it is **DENIED**.

Signed in Baton Rouge, Louisiana, on April 8, 2021.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[60] *See* Fed. R. Civ. P. 37(b)(2)(v) and 37(b)(1).