UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LYDIA McCOY                                                    CIVIL ACTION NO.

VERSUS                                                         19-723-JWD-SDJ

SC TIGER MANOR, LLC, et al.

## ORDER

Before the Court is a Motion to Stay Proceedings Pending Adjudication of an Appeal to the Ninth Circuit (R. Doc. 223), filed by Plaintiff on November 26, 2021. Defendants collectively oppose this Motion, filing a joint opposition thereto on December 17, 2021 (R. Doc. 225). In her Motion to Stay, Plaintiff seeks a stay of the proceedings in this Court pending adjudication by the Ninth Circuit Court of Appeals ("Ninth Circuit") of an appeal of a ruling by the District of Oregon, dismissing a case filed by Plaintiff that purportedly raises issues substantially similar to those in the instant matter.[1] According to Plaintiff, the District of Oregon "unlawful[ly]" terminated her case in which she asserts "that she was not afforded a full and fair opportunity by Middle District of Louisiana and its judicial officers to litigate the above-entitled legal action and that the entire litigation has been just a simulation of the proceedings in which she has been precluded from developing and successfully pursuing and prosecuting her case."[2] Because, as explained below, Plaintiff fails to establish any of the factors to be considered in determining whether to issue a stay, her Motion is **denied**.

As set forth by the Supreme Court and adopted by the Fifth Circuit, the factors to consider regarding issuance of a stay are: "(1) whether the stay applicant has made a strong showing that

---

[1] R. Doc. 225 at 1; R. Doc. 223 at 3. Plaintiff also added the undersigned, as well as the District Judge assigned to this case, as defendants therein.
[2] R. Doc. 223 at 1.

[she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724; *see also BST Holdings, L.L.C. v. Occupational Safety & Health Admin., U.S. Dep't of Labor*, 17 F.4th 604, 610 (5th Cir. 2021). The Court addresses each of these factors, in turn, below.

The first factor to consider is whether Plaintiff has made a strong showing she is likely to succeed on the merits of her appeal. The Court finds that she has not. First, the District of Oregon dismissed Plaintiff's case for "multiple fatal deficiencies," finding in part that "Plaintiff is merely attempting to relitigate here what she already litigated in her action in the Middle District of Louisiana," making her claims barred by claim preclusion or res judicata. *McCoy v. SC Tiger Manor, LLC*, No. 21-1580, 2021 WL 5149698, at **1, 3 (D. Or. Nov. 4, 2021). The court also found that the claims raised against the undersigned and the District Judge assigned to this case are barred by absolute judicial immunity. *Id.* at *2. The court then determined that, not only did it lack personal jurisdiction over any defendant, but also that venue in the District of Oregon was improper. *Id.* Thus, the court provided multiple reasons for dismissing Plaintiff's case. Additionally, while the Ninth Circuit has not yet ruled on Plaintiff's appeal of this dismissal, it did, upon initial review of same, issue an order stating that "[a] review of the record reflects that this appeal may be frivolous."[3] It then instructed Plaintiff to either file a motion to dismiss the appeal or file a statement explaining why the appeal is not frivolous.[4] None of this indicates that Plaintiff is likely to succeed on the merits of her appeal.

---

[3] R. Doc. 3-1, Case No. 21-35935, Ninth Circuit Court of Appeals.
[4] *Id.*

In addition to the handy dismissal of the Plaintiff's case by the District of Oregon as well as the initial categorization by the Ninth Circuit of Plaintiff's appeal as "frivolous," this Court, on three separate occasions, has denied requests by Plaintiff to disqualify itself from her case and transfer same to the District of Oregon.[5] Not only that, but Plaintiff previously requested a stay of this case from the Fifth Circuit Court of Appeal ("Fifth Circuit") pending her appeal of the ruling denying Plaintiffs motion to disqualify this Court and transfer venue filed in the instant case, which request the Fifth Circuit denied.[6] As such, the Court finds this factor weighs heavily against granting a stay.

The second factor for the Court to consider is whether the applicant will be irreparably injured absent a stay. Plaintiff claims she will suffer irreparable harm if the proceedings are not stayed "because [she] has been asserting a persistent denial of a meaningful access to courts to her by the judicial officers who will try to *create* a claim preclusion by unlawfully discarding the plaintiff's case after preventing her for nearly two years from successfully prosecuting it."[7] The Court finds this argument without merit. This case has been vigorously overlitigated by Plaintiff, who has been granted unrestricted access to this Court on a *pro se* basis. The Court heartily disagrees with Plaintiff's characterization that she has been prevented from successfully prosecuting it. Further, disagreement with prior Court rulings does not provide a basis for issuing a stay here simply so Plaintiff can try to litigate essentially this same case in another venue. In fact, Plaintiff's argument that a ruling by this Court will "create" a claim preclusion simply confirms that Plaintiff is trying to impermissibly relitigate this case in a second forum. *See W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d

---

[5] *See* R. Docs. 138 and 140 in Case No. 19-723-JWD-SDJ, R. Docs. 22 and 25 in Case No. 20-514-JWD-EWD, and R. Docs. 71 and 76 in Case No. 20-388-JWD-SDJ.
[6] R. Doc. 160.
[7] R. Doc. 223 at 10-11 (emphasis in original).

721, 730 (5th Cir. 1985) ("the court with prior jurisdiction over the common subject matter should resolve all issues presented in related actions"). The Court, therefore, finds this factor also weighs against granting a stay.

Turning to the third factor, whether issuance of the stay will substantially injure the other parties interested in the proceeding, Plaintiff argues that Defendants cannot be prejudiced by a stay here because they are "multibillion corporation[s]" or companies that "are large businesses or financially secure."[8] However, the case cited by Plaintiff in support of this assertion is *Arizona v. ASARCO LLC*, 733 F.3d 882 (9th Cir. 2013), a case in which the Ninth Circuit analyzed whether punitive damages assessed against the defendant were excessive. *Id.* at 885-86. That case, therefore, is wholly inapposite to the situation here. Plaintiff has thus failed to show, and the Court cannot surmise, how the financial situation of any Defendant is at all relevant to determining whether to grant a stay in this case. This case has been pending for over two years, and dispositive motions have been filed and fully briefed. To stay it at this point would injure Defendants and, arguably, Plaintiff, who also has a Motion for Summary Judgment pending. As stated by Defendants in their Opposition, "Experian and the other defendants have defended this case for over two years, enduring numerous discovery disputes and expending time and resources to reach summary judgment."[9] They continue that "[t]o subject Experian and other defendants to another two years of litigation in another forum that has already been found improper would prejudice them with the significant burden of duplicating all the work it has done in this Court."[10] The Court agrees. As such, this factor also weighs against issuing a stay in this case.

---

[8] *Id.* at 11.
[9] R. Doc. 225 at 9.
[10] *Id.*

Finally, the Court finds that the public interest lies in continuing this proceeding to resolution. While Plaintiff argues that this Court's continued handling of this case is unconstitutional, she fails to identify any Constitutional provision allegedly being violated. Further, as explained in numerous rulings, referenced above, Plaintiff's allegations of bias by this Court are unfounded and meritless. This case, as previously stated, has been wildly overlitigated, meaning an inordinate amount of judicial resources have been dedicated to this single proceeding. To stop it now at the dispositive motion stage, with no basis for doing so, would in no way serve the public interest in judicial efficiency. This factor, then, also weighs against granting a stay. Given Plaintiff's failure to establish the need for a stay in this case, the Court **denies** her request.

Accordingly,

**IT IS ORDERED** that the Motion to Stay Proceedings Pending Adjudication of an Appeal to the Ninth Circuit (R. Doc. 223) filed by Plaintiff is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 18, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**