# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LYDIA McCOY**

**VERSUS**

**SC TIGER MANOR, LLC, et al.**

**CIVIL ACTION**

**NO. 19-723-JWD-SDJ**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 11, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LYDIA McCOY

VERSUS

SC TIGER MANOR, LLC, et al.

CIVIL ACTION

NO. 19-723-JWD-SDJ

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgement filed by Defendant SC Tiger Manor, LLC, on July 1, 2021 (R. Doc. 180). Plaintiff, Lydia McCoy, who is proceeding *pro se* in this litigation, opposes this Motion (R. Doc. 213). Tiger Manor filed a Reply in response to Plaintiff's Opposition (R. Doc. 216). In its Motion for Summary Judgment, Tiger Manor seeks dismissal of all claims asserted by Plaintiff against Tiger Manor "because there is no genuine issue of material fact as to Plaintiff's inability to prove the essential elements of the claims asserted against Tiger Manor."[1] However, based on Tiger Manor's failure to comply with this Court's Local Rules regarding submission of evidence in support of its Motion, the Court recommends that Tiger Manor's request for summary judgment be denied.

This Court's Local Civil Rules provide that a party seeking summary judgment must submit a Supporting Statement of Material Facts, specifically described as

> a separate, short, and concise statement of material facts, each set forth in separately numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be simply and directly stated in narrative without footnotes or tables **and shall be supported by a record citation as required by subsection (f) of this rule.**

M.D. La. LR 56(b) (emphasis added). Local Civil Rule 56(f), then, provides, in pertinent part:

> An assertion of fact set forth in a statement of material facts **shall be followed by a citation to the specific page or paragraph of identified record material**

---

[1] R. Doc. 180 at 1.

2

**supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.** The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

M.D. La. LR 56(f).

Here, Tiger Manor has submitted a "Concise Statement of Undisputed Material Facts" in support of its Motion (R. Doc. 180-2). However, Tiger Manor has not identified or cited to any record evidence to substantiate these alleged facts. While exhibits are attached to Tiger Manor's Motion, no citations thereto accompany any of the 20 purposed undisputed material facts asserted by Tiger Manor.

This Court has "repeatedly admonished" that "summary judgment is about *evidence*, and a party that fails to direct the Court's attention to any evidence supporting [her] claims cannot carry [her] burden of showing a genuine, material dispute (or lack thereof)." *Mitchell v. Diamond Plastics Corp.*, No. 18-919, 2021 WL 1234520, at *1 (M.D. La. Mar. 31, 2021) (emphasis in original, internal quotations and citations omitted); *see also Gerkin v. McMurdo*, No. 19-249, 2021 WL 664840, at *1 (M.D. La. Feb. 19, 2021) (same); *Combs v. Exxon Mobil Corp.*, No. 18-459, 2020 WL 5121362, at *6 (M.D. La. Aug. 31, 2020) ("Summary judgment is about evidence. Having failed to direct the Court to any evidence supporting her claims, Plaintiff cannot carry her burden of showing a genuine, material dispute."). In addition, this Court has repeatedly cautioned that its Local Rules have the force of law, that litigants are charged with knowledge of its Local Rules, and that a party that "fails to comply with the Local Rules does so at [her] own peril." *Combs*, 2020 WL 5121362, at *2 (citations omitted).[2]

---

[2] The Court notes that in its Reply, Tiger Manor argues that because Plaintiff "failed to deny or in any way respond" to Tiger Manor's Statement of Undisputed Material Facts, "which is required by the local rules for this Court," said failure "permits this Court to deem those facts admitted," citing to Local Civil Rule 56(c). R. Doc. 216 at 3-4. This indicates Tiger Manor's familiarity with this Court's Local Civil Rules.

Because of Tiger Manor's failure to identify and cite record evidence supporting its assertions, the Court will disregard its purported statement of undisputed material facts, pursuant to Local Rule 56(f). As a result, the Court lacks an evidentiary basis to determine the merits of Tiger Manor's Motion, and Tiger Manor has failed to carry its burden of proving "no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The Court, therefore, recommends that Tiger Manor's Motion for Summary Judgment be denied without prejudice.

Accordingly,

**IT IS RECOMMENDED** that the Motion for Summary Judgment filed by Defendant SC Tiger Manor, LLC (R. Doc. 180) be **DENIED without prejudice**.

**IT IS FURTHER RECOMMENDED** that this matter be referred back to the undersigned for the resetting of certain pretrial deadlines and the trial date in this matter.

Signed in Baton Rouge, Louisiana, on February 11, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**