UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LYDIA McCOY** | **CIVIL ACTION** |
| **VERSUS** | |
| **SC TIGER MANOR, LLC, et al.** | **NO. 19-723-JWD-SDJ** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 11, 2022.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LYDIA McCOY

VERSUS

SC TIGER MANOR, LLC, et al.

CIVIL ACTION

NO. 19-723-JWD-SDJ

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a motion titled "Motion for Summary Judgement on the Liability Issues and on Affirmative Defenses Against All Defendants, and Motion for Entry of a Default Against Experian for Failure to Respond to the Amended Complaint" filed by *pro se* Plaintiff, Lydia McCoy, on July 1, 2021 (R. Doc. 181). This Motion is opposed separately by Defendants Equifax Information Services LLC (R. Doc. 195), Experian Information Solutions, Inc. (R. Doc. 198), SC Tiger Manor, LLC (R. Doc. 199), and IQ Data International, Inc. (R. Doc. 200). No reply has been filed. In her Motion, Plaintiff moves for summary judgment against all Defendants on the issue of liability, seeks to have all Defendants' affirmative defenses "stricken or disposed of on a summary judgement," and requests a default be entered against Defendant Experian.[1] Based on Plaintiff's failure to comply with this Court's Local Rules in her Motion, the Court recommends that Plaintiff's request for summary judgment be denied. In addition, as set forth below, the Court finds both that Defendants' affirmative defenses should not be struck from the record and that Plaintiff's request for an entry of default against Experian is not properly before this Court. Accordingly, it is recommended that Plaintiff's Motion be denied in its entirety.

---

[1] R. Doc. 181 at 1.

2

**I.     Summary Judgment**

This Court's Local Civil Rules provide that a party seeking summary judgment must submit a Supporting Statement of Material Facts, specifically defined as

> a separate, short, and concise statement of material facts, each set forth in separately numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be simply and directly stated in narrative without footnotes or tables **and shall be supported by a record citation as required by subsection (f) of this rule.**

M.D. La. LR 56(b) (emphasis added). In turn, Local Civil Rule 56(f) provides, in pertinent part:

> An assertion of fact set forth in a statement of material facts **shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.** The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

M.D. La. LR 56(f).

Here, Plaintiff has purported to submit a statement of undisputed material facts in support of her Motion, yet she has failed to identify or cite any record evidence whatsoever to substantiate these alleged "facts."[2] Rather, Plaintiff cites only to three opposition memoranda filed by Defendant Tiger Manor as well as "plaintiff's memorandum with the attachments."[3] This is not sufficient. In addition, Plaintiff does not list any actual purported "facts," instead listing only three arguments in her favor. This, too, is insufficient.

---

[2] *See* R. Doc. 181-2. The entirety of Plaintiffs' "Undisputed Material Facts" is as follows:
  1. Tiger Manor cannot substantiate with even a shred of evidence any single "charge" it claims plaintiff owes it, and cannot verify the "debt" – document 172, p. 2-3; doc. 112; doc. 81, etc.
  2. Each unverifiable "charge" is fraudulent on its face – plaintiff's memorandum with the attachments
  3. IQ Data, Experian, and Equifax failed their duty to reinvestigate as the "debt" is fraudulent on its face and cannot be verified – plaintiff's memorandum with the attachments

(Emphasis in original).
[3] *Id*. These opposition memoranda respond to Motions to Compel previously filed by Plaintiff.

3

This Court has "repeatedly admonished" that "summary judgment is about *evidence*, and a party that fails to direct the Court's attention to any evidence supporting [her] claims cannot carry [her] burden of showing a genuine, material dispute (or lack thereof)." *Mitchell v. Diamond Plastics Corp.*, No. 18-919, 2021 WL 1234520, at *1 (M.D. La. Mar. 31, 2021) (emphasis in original, citations omitted); *see also Gerkin v. McMurdo*, No. 19-249, 2021 WL 664840, at *1 (M.D. La. Feb. 19, 2021) (same); *Combs v. Exxon Mobil Corp.*, No. 18-459, 2020 WL 5121362, at *6 (M.D. La. Aug. 31, 2020) ("Summary judgment is about evidence. Having failed to direct the Court to any evidence supporting her claims, Plaintiff cannot carry her burden of showing a genuine, material dispute."). In addition, this Court has repeatedly cautioned that its Local Rules carry the force of law, that parties appearing before the Court are charged with knowledge of its Local Rules, and that a party that "fails to comply with the Local Rules does so at his own peril." *Combs*, 2020 WL 5121362, at *2 (citations omitted).[4]

Further, while Plaintiff is representing herself, a "court is not required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs." *Berry v. LoanCity*, 489 F.Supp.3d 441, 447 (M.D. La. 2020) (citing *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015)). Indeed, "a pro se litigant is not 'exempt … from compliance with relevant rules of procedural and substantive law.'" *NCO Fin. Sys., Inc. v. Harper–Horsley*, No. 07–4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981)). "A pro se litigant is not entitled to greater rights than would be a litigant represented by a lawyer." *Id*. (citing *Birl*, 660 F.2d at 593).

---

[4] The Court also notes that Plaintiff previously filed a Motion to Strike an opposition to a motion to compel filed by Tiger Manor, in which Plaintiff argues that because said opposition was filed more than 21 days after the motion to compel, it did not comply with Local Civil Rule 7(f) and should be struck from the record, indicating Plaintiff's familiarity with this Court's Local Civil Rules. R. Doc. 174 at 1-2.

4

Due to Plaintiff's failure to identify and cite record evidence supporting her assertions, the Court disregards her purported statement of undisputed material facts. M.D. La. LR 56(f). As a result, the Court lacks an evidentiary basis to determine the merits of Plaintiff's Motion, and Plaintiff has failed to carry her burden of proving "no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The Court, therefore, recommends that Plaintiff's Motion be denied to the extent it seeks summary judgment both on issues of liability as well as on affirmative defenses raised by Defendants.

## II.  Defendants' Affirmative Defenses

With regard to Defendants' affirmative defenses, Plaintiff argues that they failed to comply with Rule 8 of the Federal Rules of Civil Procedure and, therefore, "should be stricken or disposed of on a summary judgement," as stated above.[5] Specifically, Plaintiff claims that all of Defendants' affirmative defenses "do not provide a fair and clear notice to plaintiff," thereby failing to meet the heightened pleading requirement of Rule 8.[6] First, to the extent Plaintiff is seeking dismissal of all Defendants' affirmative defenses via summary judgment, this request is denied, as explained above. Because Plaintiff appears to seek, in the alternative, to have all affirmative defenses against her struck from the record, the Court now turns to the sufficiency of Defendants' affirmative defenses.

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Both because striking a portion of a pleading is a drastic remedy, and because it often is sought by a movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Wilson v. Grimes*, No. 15-680, 2017 WL 2375903, at *4 (M.D. La. May

---

[5] R. Doc. 181 at 1; R. Doc. 181-1 at 20-21.
[6] R. Doc. 181 at 1; *see also* R. Doc. 181-1 at 24, 26,28, and 31.

31, 2017) (citation omitted). Similarly, "[s]triking a pleading is generally disfavored, and it is 'a drastic remedy to be resorted to only when required for the purposes of justice [and] should be granted only when the pleading to be stricken has no possible relation to the controversy.'" *Spoon v. Bayou Bridge Pipeline, LLC*, 335 F.R.D. 468, 470 (M.D. La. 2020) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)); *see also Becnel v. Mercedes-Benz USA, LLC*, No. 14-0003, 2014 WL 4450431, at *2 (E.D. La. Sept. 10, 2014) (a motion to strike is a "drastic remedy" that is "disfavored" and "should be used sparingly by the courts"). Further, "district courts enjoy considerable discretion in ruling on a motion to strike." *Spoon*, 335 F.R.D. at 470 (citing *American S. Ins. Co. v. Buckley*, 748 F.Supp.2d 610, 627 E.D. Tex. 2010)).

The Court, however, need not reach the substance of Plaintiff's request to strike, as it is untimely. According to Rule 12(f)(2), "[t]he court may act … on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Because Defendants' affirmative defenses were presented in their Answers, Plaintiff had 21 days from the filing of said Answers to file her Motion to Strike. *Gill v. Bennett*, No. 17-611, 2018 WL 4620753, at *3 (N.D. Tex. Jul. 26, 2018); *see also Williams v. Crowe*, No. 09-6440, 2011 WL 381806, at *1 (E.D. La. Feb. 2, 2011) ("because plaintiff did not file her motion to strike within 21 days after being served with defendants' answers, plaintiff's motion to strike is denied as untimely"). Here, Defendants filed their Answers to Plaintiff's initial Complaint in January of 2020.[7] Shortly thereafter, Defendants filed their Answers to Plaintiff's Amended

---

[7] Both Equifax and Tiger Manor filed their Answers on January 3, 2020 (R. Docs. 13, 17). IQ Data filed its Answer on January 17, 2020 (R. Doc. 28), and Experian filed its Answer on January 21, 2020 (R. Doc. 29).

6

Complaint in May of 2020.[8]   Plaintiff, however, did not file the instant Motion until July 1, 2021, more than one year after Defendants' affirmative defenses were asserted.  Plaintiff's request, therefore, is untimely.

The Court recognizes that it may, in its discretion, strike insufficient defenses on its own initiative after the 21-day deadline has expired.  *Williams*, 2011 WL 381806, at *1 n.7 (citing *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7th Cir. 1991) ("Courts have read Rule 12(f) to allow a district court to consider a motion to strike at any point in a case, reasoning that it is considering the issue of its own accord despite the fact that its attention was prompted by an untimely filed motion.")).  The Court declines to do so in this case.  Here, Plaintiff has provided no explanation for the year-plus delay in seeking to strike Defendants' affirmative defenses. Further, Plaintiff's challenge to the affirmative defenses is merely a facial attack, making a blanket argument that the alleged defenses fail to "provide sufficient notice"[9] or "provide a fair notice"[10] to Plaintiff with no substantive explanation.[11]  Based on Plaintiff's unexplained, lengthy delay in making the request, the substance of the Motion, and because striking portions of pleadings is disfavored, the Court declines to convert this Motion to one of the Court's own initiative.  *See id.*

---

[8] Equifax filed its Answer to Plaintiff's Amended Complaint on May 4, 2020 (R. Doc. 50).  Tiger Manor filed its Amended Complaint Answer on May 8, 2020 (R. Doc. 51), and IQ Data filed its Amended Complaint Answer on May 22, 2020 (R. Doc. 53).  As discussed in more detail below, Experian did not file a new Answer in response to Plaintiff's Amended Complaint.
[9] R. Doc. 181-1 at 26; *see also id.* at 24 ("As of right now, [Experian's] affirmative defenses just[sic] baseless believes [sic] of which plaintiff was not properly notified in any way.").
[10] *Id.* at 28; *see also id.* at 24, 31.
[11] For example, Plaintiff argues that Experian "gave plaintiff NO notice or evidence why it claims that plaintiff's action is 'barred by statute of limitations,' why it claims that it barred [sic] by laches, by 'doctrine of unclean hands,' by alleged plaintiff's 'conduct.'"  *Id.* at 24.  Similarly, Plaintiff later claims that "IQ Data accuses plaintiff of 'unclean hands' but does not specify anywhere what is it exactly that it means."  *Id.* at 31.  Defendants are not required to produce evidence with their Answers.  And Plaintiff, although proceeding *pro se*, is "required to know [her] legal rights and abide by all applicable procedural rules," and her "ignorance of or unfamiliarity with court proceedings does not relieve [her] of this duty."  *Washington v. Jackson State Univ.*, 532 F.Supp.2d 804, 809 (S.D. Miss. 2006) (citations omitted).  "A liberal reading of plaintiff's pleadings is the only special treatment afforded *pro se* plaintiffs by the courts."  *Kiper*, 2015 WL 2451998, at *1 (citing *Callahan v. C.I.R.*, No. 99-295, 2000 WL 1141607, at *1 (M.D. La. Apr. 10, 2000)).

(declining to convert an untimely motion to strike affirmative defenses to one on the Court's own initiative because it was filed more than 11 months after the answers were served and made only a facial challenge to said affirmative defenses). As such, the Court recommends that Plaintiff's request to strike all affirmative defenses asserted by Defendants be denied.

**III.  Default Against Experian**

Finally, Plaintiff seeks to have a default entered against Experian for its failure to respond to Plaintiff's Amended Complaint (R. Doc. 49) pursuant to Rule 55 of the Federal Rules of Civil Procedure.[12] According to Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, this Court's Local Civil Rule 55 specifies that "[a]ll requests for entry of default shall be made to the Clerk of Court in writing." As such, this request for relief is not properly before the Court because Plaintiff has not requested entry of default from the Clerk of Court. *See Taylor v. City of Baton Rouge*, 39 F.Supp.3d 807, 813 (M.D. La. 2014) (only after the Clerk of Court has found a defendant to be in default may the Court enter a default judgment against the defaulting defendant, upon motion by the plaintiff). The Court notes, though, that it is unlikely a default judgment would ever be entered against Experian, given Plaintiff's lengthy delay in seeking entry of default, Experian's active involvement in defending this case, and the similarities of the allegations against Experian in Plaintiff's initial Complaint and Amended Complaint.

---

[12] R. Doc. 181-1 at 15-17.

IV.     **Conclusion and Recommendation**

Accordingly,

**IT IS RECOMMENDED** that the "Motion for Summary Judgement on the Liability Issues and on Affirmative Defenses <u>Against All Defendants</u>, and Motion for Entry of a Default Against Experian for Failure to Respond to the Amended Complaint" (R. Doc. 181) filed by Plaintiff, Lydia McCoy, be **DENIED without prejudice** in part and **DENIED with prejudice** in part. To the extent Plaintiff's Motion seeks summary judgment against Defendants, it should be **denied without prejudice**. To the extent it seeks to have all affirmative defenses asserted by Defendants struck from the record as well as seeks entry of default against Experian, it should be **denied with prejudice**.

**IT IS FURTHER RECOMMENDED** that this matter be referred back to the undersigned for the resetting of certain pretrial deadlines and the trial date in this matter.

Signed in Baton Rouge, Louisiana, on February 11, 2022.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**