# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**LYDIA McCOY**

                                          **CIVIL ACTION**

**VERSUS**

                                          **NO. 19-723-JWD-SDJ**

**SC TIGER MANOR, LLC, et al.**

## NOTICE

       Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

       In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

       **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

       Signed in Baton Rouge, Louisiana, on September 9, 2022.

 

                                _____

                                 **SCOTT D. JOHNSON**
                                 **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LYDIA McCOY**

                                                            **CIVIL ACTION**

**VERSUS**

                                                            **NO. 19-723-JWD-SDJ**

**SC TIGER MANOR, LLC, et al.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment filed by Defendant SC Tiger Manor, LLC, on April 1, 2022 (R. Doc. 236). Plaintiff Lydia McCoy, who is proceeding *pro se* in this litigation, opposes this Motion (R. Doc. 237). No reply has been filed, and oral argument on this Motion is not necessary. Having considered the Motion, supporting memorandum, and exhibits; Plaintiff's Opposition; and applicable legal authorities, the Court finds that Tiger Manor is entitled to summary judgment regarding Plaintiff's claims against it. Accordingly, it is recommended that Tiger Manor's Motion for Summary Judgment be granted and that all of Plaintiff's claims against this Defendant be dismissed with prejudice.

## I.    BACKGROUND

### A.    Preliminary Note Regarding *Pro Se* Plaintiff

Although Plaintiff is representing herself, a "court is not required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs." *Berry v. LoanCity*, 489 F.Supp.3d 441, 447 (M.D. La. 2020) (citing *Kiper v. Ascension Parish Sch. Bd*., No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015)). Indeed, "a pro se litigant is not 'exempt … from compliance with relevant rules of procedural and substantive law.'" *NCO Financial Systems, Inc. v. Harper–Horsley*, No. 07–4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981)). "A pro se litigant is not entitled to greater rights

2

than would be a litigant represented by a lawyer." *Id.* (citing *Birl*, 660 F.2d at 593). In addition, "[e]ven pro se litigants may not oppose summary judgment motions with unsworn materials." *Turner v. Baird*, 707 F. App'x. 290, 291 (5th Cir. 2017) (*per curiam*).

All of the facts in the following section are taken from the Statement of Undisputed Material Facts provided by Tiger Manor.[1] First, the only competent summary judgment evidence was provided by Tiger Manor.[2] Neither Plaintiff's Amended Complaint nor her Opposition were sworn or verified under 28 U.S.C. § 1746. Second, Plaintiff did not file a proper statement of contested facts, as required by Local Civil Rule 56(c), which provides, in pertinent part:

> A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. Each such statement shall begin with the designation "Admitted," "Denied," or "Qualified" and, in the case of an admission, shall end with such designation.

Here, while Plaintiff filed an Opposition, she did not file her own Statement of Facts, much less one that complies with either Local Civil Rule 56(c) by "admitt[ing], deny[ing], or qualify[ing] the facts by reference to each numbered paragraph of the moving party's statement of material facts," or Local Civil Rule 56(f), which requires "assertion[s] of fact set forth in a statement of material facts [to] be followed by a citation to the specific page or paragraph of identified record material supporting the assertion." Accordingly, Tiger Manor's Statement of Undisputed Material Facts is deemed admitted under Local Civil Rule 56(f) because it is supported by record citations.[3]

---

[1] R. Doc. 236-2.

[2] Plaintiff did not attach documentary evidence to her Amended Complaint (R. Doc. 49), the operative pleading in this case; her original Complaint (R. Doc. 1); or her Opposition to Tiger Manor's Motion for Summary Judgment (R. Doc. 237).

[3] Local Civil 56(f) states, in part: "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted. An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment."

*See Reams v. Nielsen*, No. 18-389, 2021 WL 1085309, at *2 (M.D. La. Mar. 3, 2021), *report and recommendation adopted*, 2021 WL 1080931 (M.D. La. Mar. 19, 2021) (deeming defendant's Statement of Undisputed Material Facts admitted under Local Civil Rule 56(f) because it is properly supported by record citations and because plaintiff did not file a proper statement of contested facts).

### B.     Relevant Factual and Procedural Background

Plaintiff leased an apartment at Tiger Manor apartment complex beginning in March 2015.[4] On October 16, 2018, Plaintiff was judicially evicted from Tiger Manor for nonpayment of rent.[5] The following day, October 17, 2018, Tiger Manor assessed Plaintiff's account with related charges, which amounts were itemized in a Move-Out Statement and totaled $3,365.35.[6] Tiger Manor had an Assignment Agreement with Defendant IQ Data International, Inc. ("IQ Data"), pursuant to which Tiger Manor's delinquent tenant accounts were assigned to IQ Data for collection.[7] Tiger Manor did not report or provide any information regarding Plaintiff's debt to Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), or any other credit agency.[8] Reporting of Plaintiff's debt to those agencies was handled by IQ Data pursuant to the Assignment Agreement.[9]

On October 16, 2019, Plaintiff filed suit against Tiger Manor, IQ Data, Experian, and Equifax, challenging the above-referenced debt and Defendants' reporting of same.[10] This Court previously granted Motions for Summary Judgment filed by Experian and Equifax, dismissing all

---

[4] R. Doc. 236-2 at 1 ¶ 1; R. Doc. 49 at 3 ¶ 8.
[5] *Id.* ¶ 1; R. Doc. 236-3 at 2.
[6] *Id.* ¶ 2; R. Doc. 236-4 at 327.
[7] *Id.* ¶ 3; R. Doc. 236-5 at 2-6.
[8] *Id.* at 2 ¶ 4; R. Doc. 236-4 at 260-61 (259:21-260:18).
[9] *Id.*; R. Doc. 236-4 at 260-61 (259:21-260:18).
[10] R. Doc. 1; R. Doc. 49.

of Plaintiff's claims against them with prejudice.[11]  IQ Data also has filed a Motion for Summary

Judgment, which remains pending before this Court.[12]

### C.    Arguments of the Parties

Tiger Manor has moved for summary judgment on Plaintiff's claims, arguing "Plaintiff

lacks the evidence necessary to meet her burden of proof on at least one of the essential elements

of each of the claims asserted against Tiger Manor pursuant to the Fair Debt Collection Practices

Act and the Fair Credit Reporting Act, as well as the state law claims for breach of contract, fraud,

and intentional infliction of emotional distress."[13]  Per Tiger Manor, because "there is no genuine

issue of material fact as to Plaintiff's lack of evidence and inability to meet her burden of proving

the claims asserted, Tiger Manor is entitled to judgment as a matter of law."[14]

Plaintiff, in response, filed a brief, one-page Opposition to the instant Motion for Summary

Judgment, as well as a similar motion for summary judgment not addressed herein, filed by IQ

Data.  Plaintiff's Opposition, however, does not address a single substantive argument presented

by Tiger Manor.  In fact, the Opposition states almost in its entirety that "[t]he motions are the

fruits of racketeering activity, fraud, deception, defamation of Plaintiff, and false claims proof of

which Plaintiff has been diligently requesting through discovery for many months but not a single

document has been produced to her to corroborate any of the deceptive defendants' claims – per

corrupt design of the corrupt middle district of Louisiana judges."[15]  Plaintiff concludes with a

final criticism of the judges presiding over this litigation, having never specifically addressed any

arguments raised by Tiger Manor in its Motion for Summary Judgment.[16]

---

[11] R. Doc. 228; R. Doc. 232.
[12] R. Doc. 235.
[13] R. Doc. 236 at 1.
[14] *Id.*
[15] R. Doc. 237 at 1.
[16] *Id.*

## II.    LAW AND ANALYSIS

### A.    Summary Judgment Standard

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A party moving for summary judgment must explain the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no genuine issue of material fact.  *Celotex Corp.*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Vanberge v. Haley*, No. 19-814, 2021 WL 400511, at *1 (M.D. La. Jan. 15, 2021), *report and recommendation adopted sub nom.*, 2021 WL 400537 (M.D. La. Feb. 4, 2021) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Rule 56 requires that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp.*, 477 U.S. at 323.  Summary judgment is appropriate in any case where the evidence is so weak or

tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little*, 37 F.3d at 1075.

In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party, and may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). If a plaintiff is proceeding *pro se*, "[t]he district court does not have a duty to search the entire record to find evidence supporting the non-movant's opposition." *Watkins v. Experian Info. Sols., Inc.*, No. 13-239, 2014 WL 12879669, at *4 (W.D. Tex. Sept. 8, 2014), *report and recommendation adopted*, 2014 WL 12879668 (W.D. Tex. Oct. 3, 2014) (citing *Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996)). "Rather, the non-movant must 'identify specific evidence in the record, and [] articulate the "precise manner" in which that evidence support[s] [her] claim.'" *Id.* (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). "Where, as here, the nonmovant has not filed a summary judgment response or submitted any controverting evidence, the court may accept as true the undisputed facts adduced by the movant." *Cervantes v. Bank of America, N.A.*, No. 12-1012, 2012 WL 12873203, at *1 (N.D. Tex. Aug. 30, 2012).

**B.    Analysis**

In her Amended Complaint, Plaintiff brings claims against Tiger Manor for violation of provisions of both the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"), as well as state law claims of breach of contract, fraud, and intentional infliction of emotional distress.[17] The Court addresses each set of claims, in turn, below.

---

[17] R. Doc. 49 at 5-8 ¶¶ 20-36 and 10-12 ¶¶ 46-48.

1.     **Fair Debt Collection Practices Act**

In her Amended Complaint, Plaintiff alleges that Tiger Manor violated the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. §§ 1692e, 1692f, and 1692g, by making false or misleading representations and engaging in unfair practices, all related to the debt she purportedly owes Tiger Manor.[18]  However, as Tiger Manor is not subject to the provisions of the FDCPA, it is entitled to summary judgment as to these claims.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).  Debt collectors who fail to comply with the FDCPA are subject to civil liability.  15 U.S.C. § 1692k.  In order to prevail in a civil action brought under the FDCPA, the plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Sibley v. Firstcollect, Inc.*, 913 F. Supp. 469, 471 (M.D. La. 1995).  The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another…."[19]  15 U.S.C. § 1692a(6); *Lasserre v. Educ. Credit Mgmt. Corp.*, No. 12-091, 2012 WL 2191628, at *1 (M.D. La. Jun. 14, 2012).  "[T]he FDCPA does not apply to entities who are not debt collectors as that term is defined under the statute." *Lasserre*, 2012 WL 2191628, at *2.

---

[18] R. Doc. 49 at 5-8 ¶¶ 20-27, 32-33.
[19] The Court notes that the statute specifies certain exceptions to the term "debt collector" as defined, none of which are applicable here.  *See* 15 U.S.C. § 1692a(6).

Here, Plaintiff has provided no evidence, and there is none in the record, to show that Tiger Manor is a debt collector as defined under the FDCPA.  Nothing in the record indicates that Tiger Manor, an apartment complex, has ever tried to collect a debt owed to another and Tiger Manor is not trying to collect such a debt here.  In fact, the correspondence to Plaintiff seeking to recover the monies owed to Tiger Manor is from IQ Data, not Tiger Manor; Tiger Manor is not even the entity trying to collect its own debt.[20]   Given that Tiger Manor is not a "debt collector" as defined by the FDCPA, it is not subject to the provisions of the FDCPA and cannot be liable thereunder. As such, Tiger Manor is entitled to summary judgment with respect to claims pursuant to the FDCPA, 15 U.S.C. §§ 1692e, 1692f, and 1692g. *See Raburn v. Cmty. Mgmt., L.L.C.*, 761 F.App'x 263, 268 (5th Cir. 2019) (granting summary judgment for property management company, holding that the FDCPA was not applicable because the company was not a debt collector within the meaning of the statute); *Iraheta v. Thurman & Phillips, P.C.*, No. 20-003, 2020 WL 4808764, at *7 (W.D. Tex. Aug. 18, 2020) (granting summary judgment on FDCPA claim because defendants were found not to be "debt collectors" under the FDCPA); *Vick v. NCO Fin. Sys., Inc.*, No. 09-114, 2011 WL 1193027, at *3 (E.D. Tex. Mar. 7, 2011), *report and recommendation adopted*, 2011 WL 1157710 (E.D. Tex. Mar. 28, 2011) (granting summary judgment as to plaintiffs' FDCPA claims because defendant is not a debt collector under the FDCPA).

### 2.    Fair Credit Reporting Act

Plaintiff next brings claims against Tiger Manor for various alleged violations of the Fair Credit Reporting Act ("FCRA"), specifically 15 U.S.C. § 1681s-2.[21]  Once again, as Tiger Manor

---

[20] R. Doc. 236-4 at 303, 324, 326.
[21] R. Doc. 49 at 7-8 ¶¶ 28-31, 34-36.

9

is not subject to the provisions of the FCRA, it is entitled to summary judgment as to these claims as well.

Because, *inter alia*, there is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy, Congress enacted the FCRA to establish reasonable procedures for consumer reporting agencies. 15 U.S.C. § 1681(a)(4). Although the FRCA primarily regulates the actions of consumer reporting agencies, Section 1681s-2 imposes responsibilities on furnishers of information to consumer reporting agencies. 15 U.S.C. § 1681s-2; *Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 794 (N.D. Tex. 2014). While the FCRA does not define "furnisher," the courts within the Fifth Circuit have defined this term broadly to include "an entity that transmits information concerning a particular debt owed by a consumer to a consumer reporting agency." *Id.* at n.7 (quoting *Thomasson v. Bank One*, 137 F. Supp. 2d 721, 722 (E.D. La. 2001)). "The most common … furnishers of information are credit card issuers, … lenders, utilities, insurers, collection agencies, and government agencies." *Egwurube v. Discover Fin. Servs.*, No. 20-292, 2021 WL 260769, at *2 (S.D. Tex. Jan. 4, 2021), *report and recommendation adopted*, 2021 WL 260216 (S.D. Tex. Jan. 26, 2021) (quoting H.R. Rep. No. 108- 263, at 24 (2003)).

The Court here finds that Tiger Manor, the apartment complex where Plaintiff resided for a period of time, is not a "furnisher of information" so as to be subject to the provisions of the FCRA. Plaintiff's credit reports from credit reporting agencies Experian and Equifax indicate that the debt Plaintiff owes Tiger Manor was reported to them by IQ Data.[22] Similarly, Plaintiff testified in her deposition that Tiger Manor made representations to Experian and Equifax "through IQ Data."[23] It therefore is clear to the Court that Tiger Manor, who did not report Plaintiff's debt

---

[22] R. Doc. 236-4 at 315, 438-39.
[23] R. Doc. 236-4 at 260 (259: 8-16).

to any consumer reporting agency, is not a "furnisher of information" under the FCRA. As such, it cannot be held liable under the FCRA, and Tiger Manor is entitled to summary judgment with respect to claims pursuant to the FCRA, 15 U.S.C. § 1681s-2.

Even assuming *arguendo* that Tiger Manor is a "furnisher of information" under the FCRA, which the Court specifically has determined it is not, Tiger Manor would still be entitled to summary judgment on Plaintiff's FCRA claims because Plaintiff cannot sustain her claim under either § 1681s-2(a) or § 1681s-2(b). "With respect to § 1681s-2(a), courts in this Circuit uniformly hold that 'there is no private right of action to enforce the duty of furnishers of information to provide accurate information under subsection (a) of section 1681s-2 of the federal act.'" *Kaufman v. Amcol Sys., Inc.* No. 16-693, 2018 WL 4558188, at *3 (M.D. La. Sept. 21, 2018) (quoting *McLean v. Big Dog Group, LLC*, No. 15-040, 2016 WL 3211514, at *11 (M.D. La. Mar. 11, 2016)); *see also Desselle v. Ford Motor Credit Co. LLC*, No. 14-1147, 2014 WL 4635545, at *3 (E.D. La. Sept. 15, 2014) ("Other courts also routinely recognize the plain language of the FCRA and aver that there is no private right of action under 15 U.S.C. § 1681s-2(a)."); *Chen v. Shellpoint Mortg. Servicing, Inc.*, No. 18-4367, 2018 WL 3819870, at *2 (E.D. La. Aug. 10, 2018) ("Defendant correctly points out that 'there is no private right of action under Section 1681s-2(a)….'"). Plaintiff's Opposition does not address this clear precedent, and the Court has no basis to deviate from it. Like many courts that have previously considered this issue, the Court here finds that Plaintiff does not have a private right of action of any alleged violations of § 1681s-2(a).

Unlike section 1681s-2(a), the FCRA does create a private right of action to enforce § 1681s-2(b). *Kaufman*, 2018 WL 4558188, at *3 (citing *Jett v. Am. Home Mortg. Servicing Inc.*, 614 F.App'x 711, 713 (5th Cir. Jun. 10, 2015)). "Section 1681s-2(b) explains a furnisher's responsibilities after a credit reporting agency has notified the furnisher of a consumer dispute

regarding information provided by the furnisher.  Upon receiving notice of a dispute, the furnisher is to conduct an investigation and report the results to the appropriate consumer reporting agencies." *Id.* (quoting *Desselle*, 2014 WL 4635545, at *3).  "To recover under section 1681s-2(b), a Plaintiff must demonstrate that (1) she notified a consumer reporting agency of inaccurate information; (2) the consumer reporting agency notified the Defendant of the dispute; and (3) the Defendant failed to conduct an investigation, correct any inaccuracies and failed to notify the consumer reporting agency of the results of the investigation."  *Id.* (quoting *Bacharach v. Sun Trust Mortg., Inc.*, No. 14-962, 2015 WL 1897653, at *3 (E.D. La. Apr. 27, 2015)).

"It is a prerequisite to investigative action that the furnisher receive some type of notice from the consumer reporting agency."  *Id.* (quoting *McLean*, 2016 WL 3211514, at *12).  Section 1681s-2(b)(1) imposes duties on furnishers of information "[a]fter receiving notice pursuant to section 1681(a)(2)."  Per section 1681i(a)(2)(A), "[b]efore the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person."  The Fifth Circuit, taking into consideration these statutory provisions, has explained that to trigger a furnisher of information's duties under section 1681s-2(b), the consumer reporting agency must provide notice of the dispute of the furnisher of information "within five business days from the time the consumer notifies the consumer reporting agency of the dispute" and that "any private right of action [the consumer] may have under § 1681s-2(b) would require proof that a *consumer reporting agency* … had notified [the furnisher of information] pursuant to § 1681i(a)(2)."  *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (citing 15 U.S.C. § 1681i(a)(2)) (emphasis in

original).  "Where a plaintiff can point to no evidence tending to prove that a furnisher of information 'received notice of a dispute from a consumer reporting agency within five days, as is required to trigger [the furnisher's] duties under Section 1681s-2(b) … [plaintiff's] FCRA claims fail as a matter of law.'"  *Kaufman*, 2018 WL 4558188, at *3 (quoting *Young*, 294 F.3d at 640).

Here, Tiger Manor asserts in its Motion that it "did not receive any such notice from any consumer reporting agency."[24]  Plaintiff does not respond to or oppose this assertion or provide any evidence to the contrary.  Further, even if Plaintiff had reported the dispute to Tiger Manor—which is not known—that would not have been sufficient to trigger a furnisher of information's duties under § 1681s-2(b).  *See Young, supra*; *Desselle*, 2014 WL 4635545, at *4 (granting motion to dismiss FCRA claim and explaining that because plaintiff was the one who provided notice to the credit reporting agencies and the furnisher of information, such notice failed to trigger the furnisher's duties under section 1681s-2(b)).  Given Plaintiff's failure to provide any evidence that notice sufficient to trigger § 1681s-2(b) was provided, Tiger Manor is entitled to summary judgment on Plaintiff's FCRA claims.  *Kaufman*, 2018 WL 4558188, at *4 (granting summary judgment on plaintiff's FCRA claim based on her failure to carry her burden to establish notice and failing to proffer evidence tending to indicate such notice occurred).

### 3.    Breach of Contract

Plaintiff then alleges certain state law claims against Tiger Manor in her Amended Complaint, the first of which is breach of contract.  As alleged by Plaintiff, Tiger Manor

> breached and violated the lease agreement by not making the essential repairs for at least 2 (two) months and then attempting to blame its own contractual violations, inefficiency, incompetence, and negligence on the plaintiff.  In its underhanded ploy to constructively evict plaintiff, Tiger Manor failed to make major repairs for at least 2 (two) months, attempted to assess plaintiff with some fees, not authorized

---

[24] R. Doc. 236-1 at 13.

by the agreement and not permitted by law, and then obtained the default eviction judgement knowing that plaintiff had already permanently vacated the premises.[25]

Tiger Manor, in response, argues that because Plaintiff failed to "properly identify the contract or provision thereof alleged to have been breached by Tiger Manor" and because Plaintiff does not "clearly allege any harm to have resulted from the alleged breach [o]f a contract," Plaintiff has failed to prove all elements of this claim.[26]  The Court addresses each of Tiger Manor's arguments, in turn.

"It is black-letter law in Louisiana that a party asserting a breach of contract must prove a breach of a specific contractual provision."  *Grand Isle Shipyards, Inc. v. Black Elk Energy Offshore Operations, LLC*, No. 15-129, 2021 WL 673449, at *3 (E.D. La. Feb. 22, 2021) (citing *Blackstone v. Chase Manhattan Mortg. Corp.*, 802 F.Supp.2d 732, 738 (E.D. La. 2011)).  Thus, "to state a claim for breach of contract, 'a plaintiff must allege a breach of a specific provision of the contract.'"  *84 Lumber Co. v. Paschen*, No. 12-1748, 2017 WL 3425955, at *2 (E.D. La. Aug. 8, 2017) (quoting *Blackstone*, 802 F.Supp.2d at 738); *see also Smoothie King Franchises, Inc. v. Southside Smoothie & Nutrition Ctr., Inc.*, No. 11-2002, 2012 WL 630010, at *4 (E.D. La. Feb. 27, 2012) (same).  As noted by sister courts within our Circuit addressing a similar state law, "it is not enough to generally allege the existence of a contract and generally allege that a contract has been breached[;] [i]nstead, to state a plausible breach of contract claim a plaintiff must allege which provision of an identified contract has been breached.'"  *Maples v. Barrett Daffin Frappier Turner & Engel, LLP In Rem Only*, No. 18-875, 2019 WL 6333989, at *10 (E.D. Tex. Oct. 31, 2019), *report and recommendation adopted*, 2019 WL 6311022 (E.D. Tex. Nov. 25, 2019) (citation omitted); *see also Cruit v. MTGLQ Invs., L.P.*, No. 17-483, 2019 WL 2070422, at *4 n.

---

[25] R. Doc. 49 at 10 ¶ 46.
[26] R. Doc. 236-1 at 16.

5 (E.D. Tex. Apr. 9, 2019), *report and recommendation adopted*, 2019 WL 3034879 (E.D. Tex. Jul. 9, 2019) ("[T]he Court notes that as a general rule, a plaintiff suing for breach of contract must point to a specific provision in the contract that was breached by the defendant.") (internal quotations and citation omitted).

Here, Plaintiff has identified no provision within the lease agreement that Tiger Manor allegedly breached; in fact, Plaintiff does not even describe the provision or otherwise help the Court identify it.[27]  Because Plaintiff has failed to identify the provision allegedly breached by Tiger Manor, the Court finds Tiger Manor entitled to summary judgment on this claim.  *See Champion v. Plainscapital Bank*, No. 18-341, 2020 WL 8299813, at *4 (S.D. Tex. Nov. 12, 2020) (finding defendant entitled to summary judgment on plaintiff's breach of contract claim because plaintiff "has [] not pointed to a specific provision in the contract that Defendant allegedly breached"); *Scott v. Hartford Life & Accident Ins. Co.*, No. 09-912, 2011 WL 90109, at *5 (M.D. La. Jan. 11, 2011) (granting summary judgment as to breach of contract claim because "Plaintiff can point to no contractual provision obligating Merrick to charge the premiums to her account, and without pointing to a specific contractual provision which Merrick allegedly breached, Plaintiff's breach of contract claim must fail"); *Cervantes*, 2012 WL 12873203, at *2 (granting summary judgment on breach of contract claim where plaintiffs "do not identify any *specific provision* [of the Deed of Trust] that was breached by defendant").  Because the Court finds Tiger Manor entitled to summary judgment based on Plaintiff's failure to identify the contract provision

---

[27] In her Amended Complaint, Plaintiff references the lease agreement, alleging: "Plaintiff was informed that from now on such fee, not authorized by the rental agreement, will be added regularly.  Being aware of fraudulent and underhanded practices of Tiger Manor and its representatives and not being bound by any agreement that, even if existed would be canceled out by Tiger Manor's failure to make necessary, major repairs for at least two months and by Tiger Manor's attempt to charge unauthorized fees, the plaintiff moved out."  R. Doc. 49 at 3 ¶ 9.  This reference, however, does not help identify any specific provision allegedly breached by Tiger Manor.

allegedly breached, it need not address Tiger Manor's argument that Plaintiff failed to allege any harm resulting from any such breach.

### 4.     Fraud

Plaintiff next asserts a claim of fraud against Tiger Manor under "Federal and State Law," failing to identify the statute or statutes pursuant to which she makes this claim.[28]  As no specific federal statute is identified, and because there is no general claim for fraud in federal law, the Court looks to state law for guidance. According to article 1953 of the Louisiana Civil Code, "[f]raud is a misrepresentation or suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." *Shehmohmad v. Ebrahimi*, 06-512 (La. App. 5 Cir. 10/31/06), 945 So.2d 119, 121-122 (citing La. C.C. art. 1953). "The requisite elements of a fraud claim are: (1) a misstatement or omission; (2) of material fact; (3) made with the intent to defraud; (4) on which the plaintiff relied; and (5) which proximately caused the plaintiff's injury." *Medve Energy Ventures LLC v. Warhorse Oil & Gas LLC*, No. 17-1336, 2018 WL 4089456, at *4 (W.D. La. Aug. 27, 2018) (internal quotations and citation omitted). "Federal Rule of Civil Procedure 9(b) requires that all claims of fraud be pled with particularity, including time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Id.* (citation and internal quotations omitted). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (quoting *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)). A plaintiff may plead fraud based upon information and belief, as long as the complaint sets forth a factual basis for that belief, but this allowance "must not be mistaken for

---

[28] R. Doc. 49 at 11 ¶ 47.

license to base claims of fraud on speculation and conclusory allegations." *Medve Energy Ventures*, 2018 WL 4089456, at *4.

In her Amended Complaint, Plaintiff claims, in part, that

[a]fter intentionally violating the law, contract, and constructively evicting Lydia McCoy, SC Tiger Manor, LLC, in retaliation for plaintiff's attempt to hold it accountable for the destruction of her nearly new Toyota Prius C Four and publicly calling it on its, among other things, multimillion insurance fraud, decided to also fraudulently and maliciously report bogus debt as Lydia McCoy's debt to the major credit bureaus.  Tiger Manor, in violation of the Consumer Credit Protection provisions, has been intentionally and willfully making false and misleading representation of the alleged debt, including but not limited to the character, amount, and legal status of said debt.  Unable to verify it, Tiger Manor continued claiming that the debt belongs to Lydia McCoy while ignoring the plaintiff's repeated requests to verify the alleged debt and/or to stop reporting the inaccurate derogatory information.[29]

"Conclusory allegations unsupported by specific facts will not prevent the award of summary judgment; the plaintiff[] cannot rest on [her] allegations to get to a jury without any significant probative evidence tending to support the complaint." *Falk v. First Acceptance Ins. Co. of Ga., Inc.*, No.20-403, 2021 WL 2125002, at *2 (M.D. La. May 25, 2021) (quoting *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)) (internal quotations and modifications omitted).  Here, Plaintiff's claims consist of impermissible conclusory allegations.  Plaintiff has also provided no competent summary judgment evidence to substantiate any of them.

Second, Plaintiff's claims also fail to allege all elements of a claim for fraud.  Not only does Plaintiff not provide the identity of the person making the alleged misrepresentation or what benefit he or she obtained from doing so, but she also fails to allege that Tiger Manor assessed the debt against Plaintiff with the intent to defraud her.  The Move Out Statement issued to Plaintiff by Tiger Manor, which sets forth the debt at issue here, provides an itemized list of every amount

---

[29] R. Doc. 49 at 11 ¶ 47.

Plaintiff owes and a description of what each amount is for.[30]  Moreover, the Move Out Statement also includes several credits to Plaintiff's account, totaling $663.81.  This is no way indicates an intent to defraud Plaintiff by Tiger Manor.  And Plaintiff has provided no evidence to the contrary in her filings.[31]  In addition, Plaintiff also fails to show in any way that she relied on the alleged statement, *i.e.*, that she owed a debt to Tiger Manor, to her detriment.  If anything, this suit, which Plaintiff has vigorously litigated, is a testament that Plaintiff has refused to rely on this statement in any way.   Because Plaintiff has failed to establish several elements necessary to obtain relief, Tiger Manor is entitled to summary judgment on this claim.[32]  *See Express Lien, Inc. v. Handle, Inc.*, No. 19-10156, 2021 WL 2537032, at \*3 (E.D. La. June 21, 2021) (granting summary judgment on fraud claim where plaintiff cannot prove an element of fraud, *i.e.*, justifiable reliance); *Nola Fine Art, Inc. v. Ducks Unlimited, Inc.*, 88 F.Supp.3d 602, 614-15 (E.D. La. 2015) (granting

---

[30] R. Doc. 236-4 at 327.

[31] This Court has "repeatedly admonished" that "summary judgment is about *evidence*, and a party that fails to direct the Court's attention to any evidence supporting [her] claims cannot carry [her] burden of showing a genuine, material dispute (or lack thereof)."  *Mitchell v. Diamond Plastics Corp.*, No. 18-919, 2021 WL 1234520, at \*1 (M.D. La. Mar. 31, 2021) (emphasis in original, citations omitted); *see also Gerkin v. McMurdo*, No. 19-249, 2021 WL 664840, at \*1 (M.D. La. Feb. 19, 2021) (same); *Combs v. Exxon Mobil Corp.*, No. 18-459, 2020 WL 5121362, at \*6 (M.D. La. Aug. 31, 2020) ("Summary judgment is about evidence.  Having failed to direct the Court to any evidence supporting her claims, Plaintiff cannot carry her burden of showing a genuine, material dispute.").

[32] The Court recognizes that in *Int'l Shortstop, Inc. v. Rally's, supra*, the Fifth Circuit explained, "[w]hen state of mind is an essential element of the nonmoving party's claim, it is less fashionable to grant summary judgment because a party's state of mind is inherently a question of fact which turns on credibility," and "[c]redibility determinations … are within the province of the fact-finder."  *Int'l Shortstop, Inc.*, 939 F.2d at 1265.  The Fifth Circuit continued that it has "emphasized repeatedly that cases which turn on the moving party's state of mind are not well-suited for summary judgment."  *Id.*  But, per the Court, "[t]his is not to say that the court can never enter summary judgment when intent or state of mind is at issue, only that the court must recognize that undermining the moving party's professed state of mind is not a simple task….  Summary judgment, to be sure, may be appropriate, '[e]ven in cases where elusive concepts such as motive or intent are at issue, … if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation.'"  *Id.* at 1266 (quoting *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)).  To defeat summary judgment, "[t]he nonmoving party should come forward with evidence, direct or circumstantial, which would allow for the reasonable inference that the moving party acted with a contrary intent or state of mind."  *Id.*  Here, Plaintiff provided no evidence—either direct or circumstantial—of intent.  Rather, she makes only conclusory allegations and unsupported speculation and fails to respond to or oppose Tiger Manor's arguments regarding lack of intent in its Motion for Summary Judgment.  As such, the Court finds summary judgment appropriate here.

summary judgment on fraud claim where party failed to present any evidence tending to show that the alleged fraudulent party had a contemporaneous intent not to perform).

The Court also notes that Plaintiff makes liberal use of the terms "fraud" and "fraudulently" throughout her Amended Complaint. For example, she references the "fraudulent and underhanded practices of Tiger Manor,"[33] the debt being "fraudulently *reported* by Tiger Manor,"[34] Tiger Manor's "continue[d] fraudulently reporting [of] non-existent debt,"[35] and Tiger Manor's "fraudulent reporting of inaccurate derogatory information."[36] However, in none of these instances does Plaintiff make additional non-conclusory allegations that meet the requirements for making a valid claim of fraud. Thus, Plaintiff's mere usage of the word "fraud" does not help substantiate or otherwise salvage her fraud claim.

### 5.    Intentional Infliction of Emotional Distress

Finally, Plaintiff brings claims against Tiger Manor for intentional infliction of emotional distress under "Federal and State law," but again fails to identify the statutes pursuant to which she seeks relief.[37] Specifically, Plaintiff alleges:

> With knowledge and understanding that its fraudulent reporting of inaccurate derogatory information has been harming plaintiff and causing emotional distress, SC Tiger Manor, LLC continued doing so and continued ignoring plaintiff's requests to provide an itemized statement of the alleged debt as well as ignoring her demands to stop reporting inaccurate derogatory information. As, due to Tiger Manor's actions, Lydia McCoy became ineligible to be approved in most residential housing establishments or to be approved for any type of credit, it all directly contributed to emotional distress that Tiger Manor has been intentionally inflicting.[38]

---

[33] R. Doc. 49 at 3 ¶ 9.
[34] *Id.* at 5 ¶ 18 (emphasis in original).
[35] *Id.* at 10  ¶ 46.
[36] *Id.* at 11 ¶ 48. This list is not exhaustive.
[37] *Id.* at 11-12  ¶ 48.
[38] *Id.* at 11-12 ¶ 48.

As no cause of action for intentional infliction of emotional distress exists under federal law, the Court once again turns to Louisiana state law for guidance. "In order to recover damages for intentional infliction of emotional distress, a plaintiff must establish that: (1) the conduct of the defendant was extreme and outrageous, (2) the emotional distress suffered by the plaintiff was severe, and (3) the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his or her conduct." *Quinlan v. Sugar-Gold*, 51,191 (La. App. 2 Cir. 4/5/17), 219 So.3d 1173, 1185 (citing *White v. Monsanto Co.*, 585 So.2d 1205 (La. 1991)); *Henderson v. Bailey Bark Materials*, 47,946 (La. App. 2 Cir. 4/10/13), 116 So.3d 30). "Conduct is considered extreme and outrageous when it goes 'beyond all possible bounds of decency' and is 'regarded as atrocious and utterly intolerable in a civilized community.'" *Id*. (quoting *White*, 585 So.2d at 1209). "Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions or other trivialities." *Id.* (citations omitted).

"Liability does not attach where the actor has done no more than to insist upon his legal rights in a permissible way, even though he is aware that such insistence is certain to cause emotional distress." *White*, 585 So.2d at 1210 (citation omitted). Moreover, "[t]he distress suffered must be such that no reasonable person could be expected to endure it." *Id.* And, "[t]he conduct must be intended or calculated to cause severe emotional distress and not just some lesser degree of fright, humiliation, embarrassment, worry, or the like." *Id.*

Here, Plaintiff has provided no evidence of intentional infliction of emotional distress by Tiger Manor. Tiger Manor's charging Plaintiff fees totaling less than $3,400 upon her eviction from her apartment does not come close to equaling distress no reasonable person could be expected to endure, and instead, reflects only Tiger Manor's assertion of its rights to reclaim

monies it, allegedly, is owed.  This is not extreme and outrageous conduct.  Plaintiff also has provided no evidence that Tiger Manor desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from its alleged actions, *i.e.*, failing to adequately repair Plaintiff's air conditioning system and/or claiming it was owed fees upon Plaintiff's eviction from the apartment.  Because Plaintiff cannot prove all elements of a claim of intentional infliction of emotional distress, Tiger Manor is entitled to summary judgment on this claim.  *See van Heerden v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. College*, No. 10-155, 2011 WL 5008410, at *12 (M.D. La. Oct. 20, 2011) (granting summary judgment on intentional infliction of emotional distress claim because there was no evidence of extreme and outrageous behavior or an intent by any defendant to inflict emotional distress); *St Cyr v. McDonald*, No. 07-539, 2008 WL 4829309, at *3-4 (M.D. La. Nov. 5, 2008) (granting summary judgment on intentional infliction of emotional distress claim where plaintiff failed to show that the emotional distress actually suffered by plaintiff was severe).

## III.    CONCLUSION AND RECOMMENDATION

Plaintiff has both failed to address any of the arguments raised by Tiger Manor in its Motion for Summary Judgment and failed to identify any facts genuinely in dispute.  In addition, the only competent summary judgment evidence presented to the Court came from Tiger Manor.  As such, the Court finds that Tiger Manor is entitled to summary judgment on all of Plaintiff's claims against it.

Accordingly,

**IT IS RECOMMENDED** that the Motion for Summary Judgement filed by Defendant SC Tiger Manor, LLC (R. Doc. 236) be **GRANTED** and that all of Plaintiff Lydia McCoy's claims against Defendant SC Tiger Manor, LLC, be **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on September 9, 2022.


_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**